UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FORREST W. JENKINS, et al.,

       Plaintiffs,                                   File No. 1:03-CV-321

v.                                             HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

       Defendants.
       _____/

KRISTINE R. STOCKING, et al.,

       Plaintiffs,                                   File No. 1:05-CV-460

v.                                             HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,

       Defendant.
       _____/

GARY L. and MARY J. TOWLE FAMILY
REVOCABLE TRUST, et al.,

       Plaintiffs,                                   File No. 1:05-CV-499

v.                                             HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

       Defendants.
       _____/

**O P I N I O N**

This matter is before the Court on Third-Party Defendant Sat Tara Khalsa's ("Khalsa") motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Docket #689.) Khalsa contends that the amended third-party complaint filed by Third-Party Plaintiff Macatawa Bank Corporation ("Macatawa") is sanctionable under Rule 11 because the amended third-party complaint does not allege fraud with the specificity required by Rule 9(b). For the reasons that follow, the Court denies Khalsa's motion for Rule 11 sanctions.

I.

Plaintiffs in this case are persons who lost money on investments with Trade Partner, Inc. ("TPI"). Macatawa is the successor by merger to Grand Bank. Between 1996 and 2003 Grand Bank provided escrow and banking services to TPI. TPI began to experience cash flow problems in 2001 and a receiver was appointed for TPI on April 15, 2003. Plaintiffs allege that Grand Bank did not fulfill its obligations related to the escrow services. Plaintiffs seek damages for negligence and gross negligence, breach of contract and fraudulent inducement/concealment, breach of fiduciary duty, knowing participation in a breach of fiduciary duty, and the unlawful sale of unregistered securities in violation of the Uniform Securities Act.

On April 28, 2006, Macatawa filed an amended third-party complaint that named 297 individuals. (Macatawa's Am. Third-Party Compl., Docket #202.) Of the 297 third-party

2

defendants, 295 were added by the amended third-party complaint. One of the new third-party defendants was Khalsa. Macatawa referred to these 295 individuals collectively as the "Broker Third-Party Defendants." (*Id.* at ¶ 306.) Macatawa alleged that the Broker Third-Party Defendants "were some of [the] outside salespeople who sold [TPI's] investment vehicles to investors." (*Id.*) On May 5, 2006, Khalsa was served with a summons and a copy of the amended third-party complaint. On May 25, 2006, Khalsa filed a motion to dismiss. On June 21, 2006, the Magistrate Judge issued an order indicating that any third-party defendant could elect to "postpone responding to the third-party complaint by answer or motion until the resolution of the pending motion to certify a class, or further order of the court." (June 21, 2006 Order, Docket #489, at 2.) On November 8, 2006, the Court denied the motion to certify a class. On November 13, 2006, the Magistrate Judge ordered that any third-party defendant who had not responded to the amended third-party complaint was to respond by December 11, 2006. On November 27, 2006, Macatawa moved to have the Court postpone the deadline for responding to the third-party complaint because Macatawa believed that it would be dismissing many of the third-party defendants based on the denial of the motion for class certification and other developments in the litigation. On November 28, 2006, Khalsa filed a motion for sanctions against Macatawa based on the amended third-party complaint. On November 30, 2006, the Magistrate Judge indefinitely postponed the deadline for third-party defendants to respond to the amended third-party complaint. On January 23, 2007, Macatawa voluntarily dismissed its claim against Khalsa pursuant to

3

Rule 41(a)(1). (Notice of Voluntary Dismissal Without Prejudice of Certain Third-Party Defs., Docket #699, at 2.)

## II.

A voluntary dismissal under Rule 41(a) does not deprive the Court of jurisdiction to consider the imposition of sanctions, costs or attorney fees. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-94 (1990); *see also Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) (discussing *Cooter & Gell* and the ability of a district court to impose sanctions under 28 U.S.C. § 1927 when an action has been dismissed under Rule 41(a)). In 1993 Rule 11 was amended to provide a "safe harbor" provision. The "safe harbor" provision requires the party seeking the sanctions to wait twenty-one days after serving the motion on the party against whom sanctions are sought before filing the motion with the Court. FED. R. CIV. P. 11(c)(1)(A). This gives the party against whom sanctions are sought twenty-one days to withdraw the challenged pleading. The "safe harbor" provision modified the holding of *Cooter & Gell* so that a court can no longer impose Rule 11 sanctions in a case where, as in *Cooter & Gell,* the complaint is voluntarily dismissed within twenty-one days of the motion for Rule 11 sanctions. *See Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997).

Khalsa served a copy of the Rule 11 motion on Macatawa's counsel on June 22, 2006. The Rule 11 motion was not filed with the Court until November 28, 2006. Macatawa did not dismiss Khalsa until January 23, 2007. Thus under *Cooter & Gell,* as modified by the

4

1993 amendment to Rule 11, the Court has jurisdiction to adjudicate the motion for Rule 11 sanctions.

### III.

Rule 11 provides in relevant part that:

> [b]y presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> . . .
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b). "'The test for the imposition of Rule 11 sanctions in this circuit is whether the individual's conduct was reasonable under the circumstances.'" *Int'l Union, UAW v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005) (quoting *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792 (6th Cir. 1988)).

Rule 9(b) provides in relevant part that:

> [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

FED. R. CIV. P. 9(b). When analyzing the question of whether a party has complied with the Rule 9(b) requirement to plead fraud with particularity, the Court must also consider the "short and plain statement of the claim" requirement of Rule 8. FED. R. CIV. P. 8(a); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). "'Rule 9(b)'s

5

particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony.'" *Id.* (quoting *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988)). Lastly, the failure to plead in compliance with Rule 9(b) "should not precipitate an award of sanctions absent patently inadequate claims or unreasonable contentions." *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005-06 (2d. Cir. 1988) (citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)).

Khalsa alleges that Macatawa's amended third-party complaint violates two provisions of Rule 11: (i) that the allegations and factual contentions underlying the complaint lacked evidentiary support and (ii) that the complaint was presented for an improper purpose. The premise supporting both of these alleged violations is that Macatawa's amended third-party complaint was subject to the heightened pleading requirement of Rule 9(b) and that Macatawa egregiously violated that requirement.

Macatawa's amended third-party complaint contains three counts. Counts I and III sound in fraud and are therefore subject to the heightened pleading requirement of Rule 9(b). Count II is a claim for contribution for the sale of unregistered securities under the Michigan Uniform Securities Act and is therefore not subject to the heightened pleading requirement of Rule 9(b). As Count II is not subject to Rule 9(b), Khalsa's motion for sanctions is inapplicable to Count II.

As to the Broker Third-Party Defendants, Count I alleges that:

on information and belief some or all of the Broker Third-Party Defendants made misrepresentations to their investors about the essential character of their

6

> investments. The misrepresentations made by Tyler as previously described in this complaint are examples of the types of misrepresentations made. The full scope of such misrepresentations is not presently know to Macatawa.

(Macatawa's Am. Third-Party Compl. ¶ 350.) Macatawa alleged that Larry Tyler

> told investors that they were purchasing a certificate of deposit when what they were really purchasing was an interest in a viatical. . . . Upon information and belief, other Broker Third-Party Defendants were engaging in similar behavior.

(*Id.* at ¶ 336.) Count I does not contain any more detailed allegations about Khalsa or any other Broker Third-Party Defendant.

> Count III alleges that:
>
> [a]s agents of Trade Partners, upon information and belief all of the Broker Third-Party Defendants made untruthful representations while soliciting potential investors for Trade Partners investments and committed fraud against the investors and Macatawa.

(*Id.* at ¶ 357.) Count III does not contain any more detailed allegations about Khalsa or any other Broker Third-Party Defendant.

Khalsa argues that Counts I and III violate Rule 9(b) because the amended third-party complaint does not contain any "factual information as to the time, place and content of the fraud" allegedly committed by Khalsa. (Khalsa's Br. in Supp. of Mot. for Rule 11 Sanctions, Docket #690, at 4.) At the time that Macatawa filed the amended third-party complaint, Macatawa was confronting the prospect of a class-action suit comprised of virtually all persons who invested with TPI. Had such a class been certified it would have ostensibly included at least one investor for whom Khalsa had served as broker. The Court must

determine if in this context Macatawa violated the particularity requirement of Rule 9(b) to a degree that rises to a violation of Rule 11.

The particularity requirement of Rule 9(b) may be relaxed where a party lacks access to all of the facts necessary to detail its fraud allegations. *See Sanderson*, 447 F.3d at 876; *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998) ("[T]he particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties."). The primary sources for ascertaining the statements that a broker made to an investor are the broker and the investor. At the time Macatawa filed the amended third-party complaint, the relevant information about Khalsa's alleged statements was in the possession of Khalsa and Khalsa's clients who were prospective class members.

Macatawa's allegations, though lacking information about the statements allegedly made by Khalsa, were not mere speculation. At the time, Macatawa had limited access to the relevant facts. Macatawa had in part relied on Plaintiffs' representations about the statements that were made by the brokers. Under the circumstances, Macatawa's non-compliance with the particularity requirement of Rule 9(b) was not unreasonable, though it was perilously close. The Court might have reached a different result if the Court were only addressing the question of Macatawa's compliance with Rule 9(b), however, the "failure to plead . . . in compliance with Rule 9(b) . . . should not precipitate an award of sanctions

8

absent patently inadequate claims or unreasonable contentions." *Stern*, 844 F.2d at 1005-06 (citing *Eastway Constr. Corp.*, 762 F.2d at 254).

Next, Khalsa alleges that Macatawa violated Rule 11 by not making a reasonable inquiry into the underlying facts.

> [S]ometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, makes claims, or present defenses without any factual basis or justification.

FED. R. CIV. P. 11, Adv. Comm. Notes (1993).

Both Counts I and III were made on "information and belief." (Macatawa's Am. Third-Party Compl. ¶¶ 350, 357.) Macatawa's inquiry consisted of gathering information from the receivership action, deposing Plaintiffs and relying on the representations of Plaintiffs' counsel as to the alleged misrepresentations that were made to individuals who invested with TPI. As previously discussed, the allegedly false statements of specific brokers would require information held by the brokers or the members of the prospective class. In consideration of all of this, Macatawa's allegations were not "without any factual basis or justification." FED. R. CIV. P. 11, Adv. Comm. Notes (1993). Therefore, Macatawa did not violate Rule 11 by failing to make a reasonable inquiry into the underlying facts.

Lastly, Khalsa's motion contends that Rule 11 sanctions are appropriate because the amended third-party complaint was filed for an improper purpose. Khalsa never identifies the improper purpose or further explains this contention. Macatawa filed the amended third-party complaint when it was confronted with the prospect of a class action suit. The prospective class was comprised of almost all individuals who had invested with TPI. The amended third-party complaint sought to bring a group of individuals into the lawsuit who Macatawa believed may have liability co-extensive with Macatawa's liability. Macatawa's dismissal of many of the third-party defendants subsequent to the denial of class certification is consistent with the fact that Macatawa no longer confronts a class action. Therefore, the Court finds that the amended third-party complaint was not filed for an improper purpose.

**IV.**

For the foregoing reasons, Third-Party Defendant Sat Tara Khalsa's motion for Rule 11 sanctions is denied. An order will be entered consistent with this opinion.


Date:     March 7, 2007            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE