UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FORREST W. JENKINS, et al.,

    Plaintiffs,                          File No. 1:03-CV-321

v.                                    HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

    Defendants.
_____/

KRISTINE R. STOCKING, et al.,

    Plaintiffs,                          File No. 1:05-CV-460

v.                                    HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,

    Defendant.
_____/

GARY L. and MARY J. TOWLE FAMILY
REVOCABLE TRUST, et al.,

    Plaintiffs,                          File No. 1:05-CV-499

v.                                    HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

    Defendants.
_____/

# MEMORANDUM OPINION AND ORDER
# REGARDING THE SUBSTITUTION OF PARTIES

This matter is before the Court on the suggestion of death of Timothy G. Cronin, (Docket #540), and Third-Party Plaintiff Macatawa Bank Corporation's ("Macatawa") motion for substitution of parties and notice of hearing, (Docket #656). Macatawa moves pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for an order substituting Catherine Raye-Wong of Raye-Wong & Associates, as the personal representative of the Estate of Timothy G. Cronin, for Timothy G. Cronin.

Rule 25(a)(1) provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

FED. R. CIV. P. 25(a)(1).

The Court must first consider the effect of the suggestion of death that was filed on July 25, 2006, and whether the motion for substitution of parties is timely. Rule 25(a)(1) requires the motion for substitution to be made within 90 days of the suggestion of death. *Id.* Two steps are required for the 90-day period to commence. First, the suggestion of death

must be made upon the record.[1]  *Id.*;  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990).  Second, the suggestion of death must be served upon the other parties and the deceased's successor.  *Barlow*, 39 F.3d at 233;  *Grandbouche*, 913 F.2d at 836-37;  *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir. 1985).  If the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4.  FED. R. CIV. P. 25(a)(1); *Barlow*, 39 F.3d at 233-34;  *Grandbouche*, 913 F.2d at 837;  *Fariss*, 769 F.2d at 962.  A suggestion of death as to Mr. Cronin was filed on July 25, 2006.  (Suggestion of Death, Docket #540.)  Thus the first requirement for the commencement of the 90-day period has been met.  Macatawa's motion identifies Catherine Raye-Wong of Raye-Wong & Associates as the personal representative of the deceased's estate.  (Macatawa's Mot. for Substitution of Parties, Docket #656, at 2.)  Both Catherine Raye-Wong and Raye-Wong & Associates are not parties to this case.  There is no indication in the record that the suggestion of death was served on Catherine Raye-Wong, Raye-Wong & Associates or any other successor to the deceased.

---

[1] The Court notes that generally a suggestion of death to commence the 90-day period cannot be made by the deceased party's attorney who had been retained to represent the deceased party in the lawsuit. *Rende v. Kay*, 415 F.2d 983, 985-86 (D.C. Cir. 1969); *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000);  7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE, § 1955 (2d ed. 1986).  *But see Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 240 (E.D.N.Y. 2001) ("It is permissible for the former attorney of the decedent to file the suggestion of death, even though the attorney-client relationship ceased.").

Thus, the 90-day period for the filing of motions for substitution has not commenced. Therefore, Macatawa's motion for the substitution of parties is timely.

Even though the suggestion of death has not been served on the deceased's successor, the motion for substitution of parties could still be effective if it complies with the requirements of Rule 25(a)(1). *See* FED. R. CIV. P. 25, Adv. Comm. Notes (1963) ("A motion to substitute may be made by any party without awaiting the suggestion of death."). Rule 25(a)(1) requires the motion for substitution of parties be served on non-parties "in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district." FED. R. CIV. P. 25(a)(1). This provision of Rule 25(a)(1) requires that the party seeking the substitution serve the motion for substitution on the deceased's successor in conformance with Rule 4. *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 716-17 (S.D.N.Y. 1993); *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1519 (D. Kan. 1991); 7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE, § 1956 (2d ed. 1986). Macatawa's motion identifies the deceased's successor, but there is no indication that the motion was served upon the deceased's successor. Macatawa's motion to substitute parties is denied as it does not comply with the requirements of Rule 25(a)(1). Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Plaintiff Macatawa Bank Corporation's motion for substitution of parties and notice of hearing (Docket #656) is **DENIED**.

Date:     March 7, 2007          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE