UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORREST W. JENKINS, et al.,

       Plaintiffs,                           File No.  1:03-CV-321

v.                                              HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

       Defendants.
_____/

KRISTINE R. STOCKING, et al.,

       Plaintiffs,                           File No.  1:05-CV-460

v.                                              HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,

       Defendant.
_____/

GARY L. and MARY J. TOWLE FAMILY
REVOCABLE TRUST, et al.,

       Plaintiffs,                           File No.  1:05-CV-499

v.                                              HON. ROBERT HOLMES BELL

MACATAWA BANK CORPORATION,
et al.,

       Defendants.
_____/

# MEMORANDUM OPINION AND ORDER REGARDING
# DISMISSAL OF THIRD-PARTY DEFENDANTS

This matter is before the Court on Third-Party Plaintiff Macatawa Bank Corporation's ("Macatawa") motion to dismiss third-party defendants W. Keith Lowe and Kurt Lowe without prejudice and without costs to any party. (Macatawa's Mot. to Dismiss Keith and Kurt Lowe, Docket #783.) Macatawa filed the motion to dismiss on March 27, 2007. Messrs. Lowe's responses were due on April 24, however, Messrs. Lowe have not filed responses to Macatawa's motion to dismiss. W.D. MICH. LCIVR 7.2(c).

On April 28, 2006, Macatawa filed an amended third-party complaint that named W. Keith Lowe and Kurt Lowe as third-party defendants. On August 14, 2006, Kurt Lowe filed an answer to Macatawa's third-party complaint. (Kurt Lowe's Ans. to Third-Party Compl., Docket #568.) On September 8, 2006, W. Keith Lowe filed an answer to Macatawa's third-party complaint. (W. Keith Lowe's Ans. to Third-Party Compl., Docket #615.) After the Court denied class certification November 8, 2006, Macatawa began the process of dismissing all of the third-party defendants who were neither brokers for Plaintiffs, nor officers of Trade Partners Inc. ("TPI"). Macatawa has dismissed all of the brokers it seeks to dismiss except for W. Keith Lowe and Kurt Lowe.

On January 25, 2007, Macatawa sent W. Keith Lowe and Kurt Lowe letters asking them to agree to have Macatawa's third-party complaint against them voluntarily dismissed. (Letter from Sarah M. Riley to Kurt Lowe, Macatawa's Br. in Supp. of Mot. to Dismiss, Docket #784, Ex. A; Letter from Sarah M. Riley to W. Keith Lowe, Macatawa's Br. in Supp.

2

of Mot. to Dismiss, Ex. A.) Messrs. Lowe have not responded to Macatawa's letters. (Macatawa's Br. in Supp. of Mot. to Dismiss 2-3.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits the Court to dismiss parties "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Generally a dismissal pursuant to Rule 41(a)(2) is proper unless "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant will suffer plain legal prejudice the Court considers "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover*, 33 F.3d at 718 (citing *Kovalic*, 855 F.2d at 474).

Messrs. Lowe have filed answers to the third-party complaint, however, the record does not indicate that they incurred any other expenses in relation to this litigation.

Macatawa began the process of dismissing the third-party defendants promptly after class certification was denied. (*E.g.*, Jan. 23, 2007 Notice of Voluntary Dismissal Without Prejudice of Certain Third-Party Defs., Docket #699.) Messrs Lowe were brought into the

litigation in preparation to proceed as a class action. Thus, by promptly moving to dismiss Messrs. Lowe after class certification was denied, Macatawa has acted diligently.

The timing of Macatawa's motion is also consistent with Macatawa's explanation for the dismissal. Macatawa believed that Messrs. Lowe had served as brokers for members of the proposed class and so in anticipation of a class action being certified Macatawa filed the amended third-party complaint. After class certification was denied, Macatawa only seeks to bring third-party claims against the brokers for Plaintiffs and the officers of TPI. Messrs. Lowe are not alleged to have been brokers for Plaintiffs or officers of TPI.

Messrs. Lowe have not filed any motions for summary judgment. Though, W. Keith Lowe's answer to Macatawa's third-party complaint did request that "this third party suit by this third Party Bank Corp, [*sic*] be dismissed . . . ." (Keith Lowe's Ans. to Third-Party Compl. 1.) While W. Keith Lowe did not respond to Macatawa's motion to dismiss, his answer to the complaint suggests that he would not oppose the motion to dismiss.

After having evaluated the relevant considerations, the Court finds that Messrs. Lowe will not suffer plain legal prejudice as a result of Macatawa's complaint against them being dismissed without prejudice and without costs. Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Plaintiff Macatawa Bank Corporation's motion to dismiss third-party defendants Keith and Kurt Lowe without prejudice and without costs to any party (Docket #783) is **GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Plaintiff Macatawa Bank Corporation's third-party complaint against W. Keith Lowe and Kurt Lowe is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT COSTS**.


Date:     April 30, 2007          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE