# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re TRADE PARTNERS, INC.,        MDL Docket No. 1846
INVESTORS LITIGATION,        File No.  1:03-CV-321
           1:05-CV-460

HON. ROBERT HOLMES BELL

_____/

## MEMORANDUM OPINION AND ORDER
## REGARDING WITHDRAWAL OF COUNSEL

Plaintiffs' counsel Thomas Farrell, Henry L. Guikema, Cynthia R. Moulton, and Jacks C. Nickens (the "Moving Attorneys")[1] move to withdraw as counsel for Plaintiffs Matthew J. Fox and David E. Polosky.  (Docket # 831.)[2]  The Moving Attorneys indicate that Plaintiffs Fox and Polosky oppose the motion to withdraw, but Plaintiffs Fox and Polosky did not file a brief in opposition to the motion.

Once an attorney has appeared on behalf of a party that attorney may only withdraw by leave of court.  W.D. Mich. LCivR 83.3(d).

Plaintiffs Fox and Polosky, along with seven other plaintiffs, assert five claims against Defendants Macatawa Bank Corporation ("Macatawa") and Richard Deardorff.  (Docket #

_____

[1]Attorney Jeffrey Donald Meyer also entered an appearance on behalf of Plaintiff Polosky in his capacity as a plaintiff; however, Attorney Meyer has not moved to withdraw as counsel for Plaintiff Polosky.

[2]All docket numbers in this opinion refer to the docket for File No. 1:03-CV-321.

192, First Am. Consol. Class Action Compl. ¶¶ 50-60.) One of the five claims is that Defendants Macatawa and Deardorff sold unregistered securities in violation of the Michigan Uniform Securities Act ("MUSA"), M.C.L. § 451.701. Defendants Macatawa and Deardorff then filed counterclaims against Plaintiffs Fox and Polosky. (Docket # 199, Macatawa's Ans. and Counterclaim 10-22; Docket # 200, Deardorff's Ans. and Counterclaim 11-23.) Both counterclaims include a claim under the MUSA.

Plaintiffs Fox and Polosky subsequently retained John A. Smietanka to represent them in their capacity as counter-defendants. Thus, Plaintiffs Fox and Polosky are represented by the Moving Attorneys and Attorney Meyer, while Counter-Defendants Fox and Polosky are represented by Attorney Smietanka.

On April 20, 2007, Counter-Defendants Fox and Polosky moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Macatawa and Deardorff's counterclaims. (Docket # 805, Polosky's Mot. to Dismiss Macatawa; Docket # 808, Polosky's Mot. to Dismiss Deardorff; Docket # 811, Fox's Mot. to Dismiss Macatawa; Docket # 814, Fox's Mot. to Dismiss Deardorff.) One of the arguments advanced by Counter-Defendants Fox and Polosky in support of these motions to dismiss is that the viatical based investments were not securities at the time they were sold by Counter-Defendants.

The Moving Attorneys seek to withdraw from their representation of Plaintiffs Fox and Polosky because their contention in the motions to dismiss that the viatical based investments were not securities is contrary to their position as plaintiffs and contrary to the

2

position of the seven other plaintiffs. The extent to which Fox and Polosky's contention in the motion to dismiss is contrary to their position as plaintiffs is illustrated by the position taken by Macatawa and Deardorff in response to the motion to dismiss. Instead of opposing Fox and Polosky's motion to dismiss on the question of whether the viatical based investments were securities, Macatawa and Deardorff have adopted Fox and Polosky's position and seek to have the Court dismiss the MUSA claims asserted by all nine of the plaintiffs. (Docket # 834, Deardorff's Resp. to the Mots. to Dismiss 7-8; Docket # 836, Macatawa's Resp. to the Mots. to Dismiss 6-7.)

The conflict between the positions taken by Fox and Polosky as plaintiffs and as counter-defendants creates a conflict for the Moving Attorneys. On behalf of the seven other plaintiffs, the Moving Attorneys filed a brief opposing the motion to dismiss filed by Third-Party Defendants Jeff Barrett and Sherry Tedaldi. (Docket # 833, Pls.' Br. in Resp. to Mot. to Dismiss.) That brief asserts that the viatical based investments were securities during the time period relevant to all nine of the plaintiffs. Although the Moving Attorneys did not file a response to the motions to dismiss filed by Fox and Polosky, the reasoning in the brief opposing the motion to dismiss filed by Third-Party Defendants Barrett and Tedaldi applies to the motion to dismiss filed by Fox and Polosky. The Moving Attorneys have a conflict of interest in their representation of Fox and Polosky and the seven other plaintiffs. The ethical duties of the Moving Attorneys preclude then from continuing to represent Fox and Polosky and the seven other plaintiffs. Mich. R. Prof'l Conduct 1.7(a); Tex. Disciplinary R.

3

Prof'l. Conduct 1.06(b). Given the nature of this conflict of interest it cannot be resolved by obtaining informed consent from the clients. *Cf.* Mich. R. Prof'l Conduct 1.7(a)(1) (indicating that a client can consent to a conflict of interest if "the lawyer reasonably believes the representation will not adversely affect the" lawyer's relationship with another client); Tex. Disciplinary R. Prof. Conduct 1.06(c)(1) (same). Therefore, the Court grants the Moving Attorneys leave of court to withdraw as counsel for Plaintiffs Fox and Polosky.

Based on the facts presently before the Court, the foregoing analysis appears equally applicable to Attorney Meyer who has entered an appearance on behalf of Plaintiff Polosky; however, Attorney Meyer did not move to withdraw as counsel for Plaintiff Polosky. Therefore, the Court will give Attorney Meyer fourteen days to either file a motion to withdraw as counsel for Plaintiff Polosky or to file a notice explaining why his continued representation of Polosky is permissible.

Accordingly,

**IT IS HEREBY ORDERED** that Thomas Farrell, Henry L. Guikema, Cynthia R. Moulton, and Jacks C. Nickens' motion to withdraw as counsel for Plaintiffs Matthew J. Fox and David E. Polosky (Docket # 831) is **GRANTED**.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the this order Plaintiffs Matthew J. Fox and David E. Polosky **SHALL** notify the Court who will be representing them in their capacity as plaintiffs.

**IT IS FURTHER ORDERED** that within fourteen (14) days of this order Attorney

Jeffrey Donald Meyer **SHALL** move to withdraw as counsel for Plaintiff David E. Polosky or file a notice explaining why his continued representation of Polosky is permissible.

Date:    September 19, 2007       /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE