UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re TRADE PARTNERS, INC.,                          MDL Docket No. 1846
INVESTORS LITIGATION,                                ALL CASES

                                                     HON. ROBERT HOLMES BELL

_____/

## OPINION REGARDING CHOICE-OF-LAW

This matter is before the Court on Plaintiffs' motion for reconsideration of the order

regarding choice-of-law issues. (Dkt. No. 262,[1] Pls.' Mot. for Reconsideration.) The order

Plaintiffs seek to have the Court reconsider provided that "Plaintiffs and Defendants are

deemed to have **ABANDONED** the choice-of-law issues." (Dkt. No. 245, 04/29/2008

Order 2.) Plaintiffs ask the Court to determine that Plaintiffs have not waived the choice-of-

law issues. The Court invited the parties to file briefs identifying the parties and claims that

would be prejudiced by the application of Michigan law in each of the five cases comprising

this MDL case." (Dkt. No. 266, 05/14/2008 Order 3.) In response, Macatawa Bank and

Macatawa Bank Corporation (collectively "Macatawa") indicated that in its view no

prejudice would accrue from the application of Michigan law. (Dkt. No. 279, Macatawa's

Resp. on Choice-of-Law 1.) Plaintiffs in *Elkins v. Macatawa*, which was filed in the

Western District of Oklahoma, responded by contending that Oklahoma law should apply

_____

[1]Unless otherwise indicated, all docket numbers in this opinion refer to the docket for
File No. 1:07-MD-1846.

to all non-contract claims in the *Elkins* case.  (Dkt. No. 283, *Elkins* Pls.' Resp. on Choice-of-Law 1.)  Plaintiffs in the other four cases ask that in each case the Court apply the choice-of-law rules that would have been applied by the transferor court and contend that Michigan law would be prejudicial with respect to the state securities law claims, breach of fiduciary duty claims, and the apportionment of liability.  (Dkt. No. 284, Pls.' Resp. on Choice-of-Law)  For the reasons that follow, the Court will apply Michigan law to all claims except the state securities law claims.

## I.

The implications of choice-of-law for this litigation were first suggested in the briefing on the question of class certification in *Jenkins v. Macatawa* before this Court.  The *Jenkins* Plaintiffs filed a motion for class certification on July 20, 2006.  In response to the motion for class certification Macatawa contended that:

> Although there is a choice of law provision in the escrow agreements which requires Michigan law be applied to the breach of contract claims, that clause will not apply to the remainder of Plaintiffs' claims.  This is because the provision in the agreement is narrow in scope, addresses merely the construction and enforcement of the contract, and does not purport to govern all disputes arising between the parties.

(File No. 1:03-CV-321, Dkt. No. 591, Macatawa's Br. in Opp'n to Class Certification 37-38.)  Macatawa further contended that for each claim pleaded by the *Jenkins* Plaintiffs "there are several issues, within each issue there are sub-issues, and within each sub-issue there are numerous variations from state to state."  (*Id.* at 42-43.)  Macatawa also filed a forty-page

"Law Appendix" that detailed many of the differences among the applicable state laws. (File No. 1:03-CV-321, Dkt. No. 596, Macatawa's Law App.)   The *Jenkins* Plaintiffs responded that Macatawa had "exaggerated" the differences in the applicable laws and while not contending that only the laws of one state would apply, the *Jenkins* Plaintiffs did contend that the applicable state laws were similar in many respects.[2]  (File No. 1:03-CV-321, Dkt. No. 613, *Jenkins* Pls.' Reply in Supp. of Class Certification 15-28.)

In its November 9, 2006, opinion denying class certification the Court stated that:

> For the purposes of analyzing class certification, the Court will assume, without deciding the issue, that all of the claims are governed by Michigan law.

(File No. 1:03-CV-321, Dkt. No. 679, 11/09/2006 Am. Op. 16-17 (footnote omitted).)  The Court then stated in a footnote that:

> None of the parties fully briefed the choice of law issue.  Macatawa contends that for the claims other than the contract claim, that the law of each class member's home state will apply.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985).  If the law of each class member's home state did apply to some of the claims, then class certification on those claims would be improper because the application of the laws of a multitude of states results in the predominance of individual questions.  *See In re Am. Med. Sys.*, 75 F.3d [1069, 1085 (6th Cir. 1996)];  *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 223 (W.D. Mich. 1998) (McKeague, J.).

(11/09/2006 Am. Opinion 17 n.4.)   Shortly after the denial of class certification four

---

[2]Although the plaintiffs in the other four MDL cases were not parties to the motion for class certification, counsel for the *Jenkins* Plaintiffs are also counsel for the plaintiffs in *Adamson v. Macatawa*, *Bailey v. Macatawa*, and *Myers v. Macatawa*.

lawsuits were filed by groups of individual Plaintiffs in California, Oklahoma, and Texas. On June 26, 2007, the Judicial Panel on Multidistrict Litigation transferred the *Adamson* (Oklahoma), *Bailey* (Texas), *Elkins* (Oklahoma), and *Myers* (California) cases to the Western District of Michigan for consolidated pretrial proceedings with the *Jenkins* case. (*See* Dkt. No. 25, 11/06/2007 Op. 2-3 (detailing the procedural history of the *Adamson*, *Bailey*, *Elkins*, and *Myers* cases).)

On November 6, 2007, the Court denied Macatawa's motion to dismiss for lack of personal jurisdiction that had been filed in the *Adamson*, *Bailey*, *Elkins*, and *Myers* cases. (11/06/2007 Op.;  Dkt. No. 26, 11/06/2007 Order.)  On November 29, 2007, the Court issued a scheduling order that set this MDL action for a Rule 16 scheduling conference on January 14, 2008.  (Dkt. No. 42, Rule 16 Scheduling Order 1.)  The Rule 16 scheduling order directed the parties to file a joint status report that would address the motions to be filed.  The Rule 16 scheduling order provided in pertinent part:

> The Court contemplates the desirability of resolving certain questions of law while discovery is ongoing.  These include the application/scope of the choice of law clauses and whether the viaticles [*sic*] are securities under the applicable state securities laws.  The parties should be prepared to discuss how soon these issues can be addressed, and what other issues may be resolved while discovery is ongoing.

(Rule 16 Scheduling Order 4-5.)  On December 20, 2007, the parties filed a joint status report that stated with respect to motions:

> The Bank will file motions addressing choice of law issues by **March 3, 2008.**

On April 20, 2007, certain Third-Party Defendants and Counter-Defendants filed motions addressing whether the viaticals are securities under the applicable state securities laws as follows:

[The parties then listed the eight motions that had been filed that addressed the applicable state securities laws.]

All further motions on the issue of whether viaticals are securities under the applicable state securities laws as well as all other dispositive motions shall be filed by **March 3, 2008.**

(Dkt. No. 57, 12/20/2007 Joint Status Report 4-5.)  At the Rule 16 scheduling conference on January 14, 2008, no party suggested that it would be inappropriate or otherwise problematic to file motions addressing the choice-of-law issues.  On January 22, 2008, the Court issued its initial case management order for this MDL action that provided in pertinent part:

Global dispositive motions addressing common issues of law or fact, including **choice of law issues** and whether viaticals are securities, shall be filed in accordance with W.D. Mich. LCivR 7.2 by **March 3, 2008**.

(Dkt. No. 97, Initial Case Mgmt. Order ¶ 7.b (first emphasis added).)

On March 3, 2008, the parties filed four motions.  Macatawa filed a motion for partial dismissal and/or summary judgment as to Plaintiffs' claims for negligence, gross negligence, fraudulent inducement, breach of contract, breach of fiduciary duty, and violation of the Michigan Uniform Securities Act.  (Dkt. No. 140, Macatawa's Mot. for Summ. J.)  Plaintiffs filed a motion for partial summary judgment that viatical settlements are securities under the applicable state securities laws.  (Dkt. No. 143, Pls.' Mot. re: Viatical Settlements.)  In the

*Adamson* case, Plaintiffs Ronald and Rebecca Maier filed a motion for partial summary judgment on their breach of contract claim. (Dkt. No. 145, Maiers' Mot. Partial Summ. J.) In the *Myers* case, Plaintiff Robert Teig moved for partial summary judgment on his breach of contract claim. (Dkt. No. 147, Teig's Mot. for Partial Summ. J.) However, no party filed a motion addressing choice-of-law issues.

After Plaintiffs' and Macatawa's responses and replies had been filed, the Court reviewed the motions and determined that no party had briefed the choice-of-law issues. In a few instances the parties did note differences among the state laws that might apply, but even that analysis was very limited. (*See, e.g.*, Dkt. No. 219, Pls.' Br. in Opp'n to Macatawa's Mot. 4 n.5; Dkt. No. 277, Macatawa's Reply in Supp. 5.) Therefore, on April 29, 2008, the Court issued an order that "Plaintiffs and Defendants are deemed to have **ABANDONED** the choice-of-law issues." (04/29/2008 Order 2.)

On May 8, 2008, Plaintiffs filed a motion for reconsideration of the April 29, 2008, order. (Pls.' Mot. for Reconsideration.) On May 14, 2008, the Court issued an order that reviewed the procedural history of the choice-of-law issues in this case and then concluded:

> Plaintiffs' have not identified where there are conflict-of-laws among the state laws that might apply with respect to the each of the claims asserted in the five cases comprising this MDL case. Plaintiffs refer the Court to Macatawa's Law Appendix filed as part of the briefing on the question of class certification, but have not identified any conflict-of-laws specific to the claims Plaintiffs have alleged in the five complaints that comprise this MDL case.

(Dkt. No. 266, 05/14/2008 Order 3.) The Court indicated that pursuant to W.D. Mich.

LCivR 7.4(b) Macatawa could file a response and Plaintiffs and Macatawa could file "briefs that identify the parties and claims that would be prejudiced by the application of Michigan law in each of the five cases comprising this MDL case."  (*Id.*)

Macatawa filed a response which in its entirety states that:

> Defendants take no position with regard to Plaintiffs' motion for reconsideration (Dkt. No. 262) of the Court's April 29, 2008 Order (Dkt. No. 245).
>
> Defendants did not raise choice-of-law issues in their motions because they did not believe that choice-of-law issues impacted any of the "bellwether motions" then before the Court, and do not believe that the parties and claims would be prejudiced by the application of Michigan law in each of the five cases comprising this multidistrict litigation case.[3]

---

[3]The contrast between this statement and Macatawa's representations in opposing class certification bears noting.  In the *Jenkins* case, in opposition to class certification Macatawa stated that:

> This Law Appendix sets forth some of the differences among the laws of the various states in regard to the substantive law and procedural elements of Plaintiffs' causes of action. . . . [The Law Appendix's] purpose is to highlight that the variations among the applicable laws preclude the requisite finding that commonality predominates over individual issues of law.  Nor does this Appendix attempt to set forth all of the variations for each of Plaintiffs' claims across all of the states and countries involved. Indeed, addressing all the variations among the laws for each of Plaintiffs' causes of action would be an impossible task.  Accordingly, this Appendix merely sets forth some of the relevant differences among the laws.
>
> To determine liability in this matter, this Court and any jury asked to serve would have to confront, at a minimum, the various versions of the applicable laws that are addressed in this Appendix.

(Macatawa's Law App. 1.)  Macatawa also contended, among other things, that there are significant differences in the applicable statutes of limitations and burdens of proof.  (*Id.* at

(continued...)

If the Court grants Plaintiffs' motion for reconsideration, Defendants request permission to respond to any arguments Plaintiffs may make regarding the application of choice-of-law principles, either generally or specifically [*sic*].

(Macatawa's Resp. on Choice-of-Law 1)  The *Elkins* Plaintiffs' brief on what prejudice would accrue from the application of Michigan law concluded that:

The Elkins plaintiffs would be prejudiced by any decision to not apply the substantive securities laws of the State of Oklahoma.  Plaintiffs accordingly urge this Court to apply the the [*sic*] choice-of-law rules that would be applied in Oklahoma, resulting in the application of Oklahoma law to their statutory securities claims and any issues of liability apportionment.

(*Elkins* Pls.' Resp. on Choice-of-Law 5.)  The brief on what prejudice would accrue from the application of Michigan law to the Plaintiffs in the other four cases concluded that:

Plaintiffs that reside outside of Michigan would be prejudiced by the application of Michigan law at least with respect to the claims identified in this brief.  Those plaintiffs would respectfully request that the Court apply the choice-of-law rules that would be applied by the courts from which their cases were transferred and conclude that the laws of the states in which they are resident apply to their claims under state securities laws, the proper apportionment of liability, and the burden of proof in a breach of fiduciary duty claim.

(Pls.' Resp. on Choice-of-Law 11.)

## II.

As the Supreme Court held over seventy years ago in *Erie Railroad v. Tompkins*, 304

---

[3](...continued)
1-6, 8-9.)

U.S. 64 (1938): "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. . . . There is no federal general common law." 304 U.S. at 78. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941), "in diversity cases, the choice of law rules applied by the federal court must conform to those of the state in which it sits." *Ruffin-Steinback v. dePasse*, 267 F.3d 457, 462 (6th Cir. 2001). In the context of an MDL action, instead of applying the choice-of-law rules of the state in which it sits to all of the cases, in each of the cases the transferee court must apply the choice-of-law rules that the transferor court of each case would have applied. *Johnson v. Cont'l Airlines Corp.*, 964 F.2d 1059, 1063 n.5 (10th Cir. 1992); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *see also* (11/06/2007 Op. 7 ("In matters consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407, on questions of state law, 'the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.'" (quoting *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.* (*In re TMJ I*), 97 F.3d 1050, 1055 (8th Cir. 1996))).) Under this rule, this Court would apply California's choice-of-law rules in the *Myers* case, Michigan's choice-of-law rules in the *Jenkins* case, Oklahoma's choice-of-law rules in the *Adamson* and *Elkins* cases, and Texas's choice-of-law rules in *Bailey* case. However, the failure of the parties to brief the choice-of-law issues as directed by the initial case management order presents the Court with the challenge of how to abide by *Erie* and *Klaxon* in the absence of appropriate briefing from the parties.

9

## A.

"[B]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992) (citing *Int'l Adm'rs, Inc. v. Life Ins. Co.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985)). *Accord Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 865 (6th Cir. 2006). Thus the Court must determine if there are conflicts in the relevant laws of the different states. The Court's analysis begins with the motions currently pending. Macatawa's motion for summary judgment seeks summary judgment on Plaintiffs' claims for fraudulent inducement. If the states whose laws could apply are limited to the states in which the five actions were filed, there is still substantial variation among the statute of limitations for fraud: California's statute of limitations for fraud actions is three years, Cal. Civ. Proc. Code § 338(d) (West 2008), Michigan's statute of limitations for fraud actions is six years, Mich. Compiled Laws Ann. §§ 600.5807(10), 600.5813 (West 2008), Oklahoma's statute of limitations for fraud actions is two years, Okla. Stat. Ann. tit. 12, § 95(3) (West 2008), and Texas's statute of limitations for fraud actions is four years, Tex. Civ. & Rem. Code § 16.004(a)(4) (Vernon 2008). Although Macatawa's motion for summary judgment is not based on the statutes of limitations for fraud actions, there is a conflict-of-laws that is implicated by which state's laws the Court applies in resolving Macatawa's motion for summary judgment. The presence of conflicts among the state laws that might apply is further shown in the class

certification briefing in the *Jenkins* case. (*See* Macatawa's Law App.; *Jenkins* Pls.' Reply in Supp. of Class Certification 15-28.) In the briefing on class certification the parties disagreed about the degree of variation among the applicable laws, but there was no contention that there are not variations among the state laws that would likely be applicable.[4] The presence of actual conflicts is further demonstrated by Plaintiffs' briefs filed in response the Court's May 14, 2008, order. Plaintiffs contend there are differences with respect to state securities laws claims, breach of fiduciary duty claims, and the apportionment of liability. (*Elkins* Pls.' Resp. on Choice-of-Law 3-5 ; Pls.' Resp. on Choice-of-Law 7-11.) Therefore, the Court is satisfied that there are actual conflicts among the relevant laws of the different states.

In *In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation* (*In re TMJ II*), 113 F.3d 1484 (8th Cir. 1997), the Eighth Circuit held that in an MDL action in which the substantive claims were state law claims, but where the parties had not informed the court of any differences in the applicable state laws, nor provided choice-of-law analysis, it was permissible for a district court to apply generally applicable statements of the law in resolving summary judgment. *In re TMJ II*, 113 F.3d at 1488. In *Meridia Products Liability*

---

[4]The prospective class in *Jenkins* was larger than the sum of all of the plaintiffs in this MDL action, because a large number of plaintiffs filed actions in Kent County Circuit Court after class certification was denied. While that decrease in number has likely decreased the complexity of the choice-of-law inquiry, no party has suggested that the reduction in number has eliminated all of the choice-of-law issues that would have been presented by the putative *Jenkins* class.

*Litigation*, the Sixth Circuit held that plaintiffs who had directed the district court to *In re TMJ II*, instead of engaging in choice-of-law analysis, had waived the choice-of-law issue. *Meridia Prods. Liab. Litig.*, 447 F.3d at 864-65. In so ruling the Sixth Circuit noted that while the district court had relied on *In re TMJ II*, where there were potential conflicts among the applicable state laws, the district court had assumed the law to be favorable to the non-movant. *Meridia Prods. Liab. Litig.*, 447 F.3d at 865. The MDL action presently before the Court is distinct from *In re TMJ II* and *Meridia Products Liability Litigation* because in the instant MDL action the parties have indicated that there are conflicts among the applicable laws. Although Macatawa contended in response to the motion for reconsideration that there are not conflicts among the applicable state laws, Macatawa previously provided briefing on the existence of a number of conflicts among the applicable states laws. (*Compare* Macatawa's Resp. on Choice-of-Law *with* Macatawa's Law App.) Moreover, the parties have not argued that summary judgment can be granted even if any conflicts-of-law are resolved in favor of the non-movant.

Lastly, both parties appear to suggest that the choice-of-law decision can be deferred until the Court confronts a motion for summary judgment on an issue that cannot be resolved in the absence of a choice-of-law decision by the Court. This contention fails for several reasons. First, no party has offered a brief that indicates that there are no conflicts on issues presented by the motions for summary judgment that are currently pending. Macatawa's response to Plaintiffs' motion for reconsideration is insufficient as it only

12

contains a conclusory statement without a comparative analysis of the applicable state laws. Macatawa's statement must be considered in the context of its filings in opposition to class certification in the *Jenkins* case. Moreover, Macatawa's request to be allowed to brief choice-of-law issues if the motion for reconsideration is granted suggests that there are some differences in the states laws that might be applied. If there are no differences in the state laws that the Court might apply, then Macatawa should be indifferent to the Court's choice-of-law analysis because any of the possible choices would result in application of the same substantive law. Second, as is evidenced by the parties' briefs on Macatawa's motion for summary judgment, resolving the pending motions for summary judgment in the absence of a choice-of-law decision would permit an outcome-driven use of the law of different states. The parties primarily cite to Michigan law; however, both sides also cite to cases from a multitude of other jurisdictions. Setting aside the emphasis on Michigan law, the parties do not explain the basis for selecting the other cases. This process effectively allows each party to search the entire body of American case law, state and federal, to find the case most favorable to their facts on a particular question. Then, because the Court is not applying the law of any particular state, the parties avoid the requirement of showing that the approach of the out-of-state case would be adopted by the state supreme court of the state selected by the choice-of-law analysis. *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) ("If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the

state's lower courts, what the state's highest court would decide if faced with the issue." (citing *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985))).  The approach the parties appear to be asking the Court to adopt bears some similarity to the general federal common-law approach that the Supreme Court rejected over seventy years ago in *Erie Railroad.  See Erie R.R.*, 304 U.S. at 78 ("'I am aware that what has been termed the general law of the country-which is often little less than what the judge advancing the doctrine thinks at the time should be the general law on a particular subject-has been often advanced in judicial opinions of this court to control a conflicting law of a state.'" (quoting *Baltimore & Ohio R.R. v. Baugh*, 149 U.S. 368, 401 (1893) (Fields, J., dissenting))).  Therefore, the choice-of-law issues must be resolved before the Court can resolve the motions for summary judgment pending before the Court.

### B.

As the Court has determined that choice-of-law determinations are necessary at this juncture in this MDL action, the Court must determine how to proceed in light of the parties' failure to brief the choice-of-law issues.

A party who is silent on choice-of-law forfeits choice-of-law issues.  *Bowers v. Fed'n Internationale de l'Autombile*, 489 F.3d 316, 323 n.4 (7th Cir. 2007) (citing *Schlumberger Tech. Corp. v. Blaker*, 859 F.2d 512, 514 (7th Cir. 1988));  *see also Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) (holding that a party who was aware of a choice-of-law issue, but did not raise the issue until after entry of an adverse summary judgment, had waived the

choice-of-law issue).  As the Court set forth in Part I, the parties had ample notice of the significance of this issue from the class certification briefing in the *Jenkins* case.  *See supra* Part I.  Additionally, the Court specifically referred to choice-of-law in the motions section of its November 29, 2007, Rule 16 scheduling order and January 22, 2008, initial case management order.  Despite receiving notice of the significance of the issue and of the obligation to brief it, Plaintiffs and Macatawa decided not to file briefs addressing the issue.  Even now, neither Plaintiffs nor Macatawa propose to file motions on the choice-of-law issues.  (*See* Pls.' Mot. for Reconsideration, Att. 2, Proposed Order; Macatawa's Resp. on Choice-of-Law 1.)

Macatawa has elected not to address the choice-of-law issues presented by Plaintiffs' claims, with the exception of the state securities law claims.  Macatawa represented to the Court in the December 20, 2007, joint status report that it would file a motion addressing the choice-of-law issues, but then did not file such a motion.  Additionally, Macatawa did not file a motion indicating that there are not choice-of-law issues in this MDL action.  Rather, only after the Court indicated that Macatawa could file a response to Plaintiffs' motion for reconsideration did Macatawa indicate that in its view there are not choice-of-law issues, though Macatawa did not provide analysis in support of that assertion.  Macatawa, in responding to the motion for reconsideration, opted to a file a one-page response and declined the Court's invitation to file a brief addressing the "parties and claims that would be prejudiced by the application of Michigan law in each of the five cases comprising this

MDL case." (05/14/2008 Order 3.) However, Macatawa, in its response to Plaintiffs'

motion on viatical settlements, has not been silent on the choice-of-law issues in relation to

the state securities law claims in the same manner that it has been silent about choice-of-law

for the remainder of Plaintiffs' claims. Although Plaintiffs' motion for summary judgment

regarding viatical settlements is not a choice-of-law motion, it does address some of the

variation, or potential variation, in the applicable state securities laws. Therefore, the Court

concludes that Macatawa has abandoned the choice-of-law issue on all claims except the

state securities law claims.

Plaintiffs have elected not to address the choice-of-law issues presented by their

claims, with the exception of the state securities law claims. As the Court's May 14, 2008,

order explained, the obligation to brief choice-of-law issues imposed by the Court's

January 22 initial case management order applied equally to Plaintiffs and Macatawa.

(05/14/2008 Order 1-2.) Additionally, "[a] party who sits in silence, withholds potentially

relevant information, allows his opponent to configure the summary judgment record, and

acquiesces in a particular choice of law does so at his peril." *Vasapolli*, 39 F.3d at 36.

Macatawa's motion for summary judgment predominantly cites to Michigan law and much

of the language in the brief at least implicitly indicates that the motion should be decided

under Michigan law. Neither the *Elkins* Plaintiffs' response, nor the *Adamson*, *Bailey*,

*Jenkins*, and *Myers* Plaintiffs' response, raises choice-of-law issues. The *Elkins* Plaintiffs

do note that their state securities law claim is made under the Oklahoma Securities Act, not

the Michigan Uniform Securities Act, under which Macatawa framed its state securities law argument. (Dkt. No. 220, *Elkins* Pls.' Br. in Opp'n to Macatawa's Mot. 10-11.) The *Adamson*, *Bailey*, *Jenkins*, and *Myers* Plaintiffs' response contends there is a difference in the burden of proof on breach of fiduciary duty claims among Michigan, Oklahoma, and Texas; however, they further contend it is an issue that will only arise if the *Adamson* and *Bailey* cases are returned to Oklahoma and Texas for trial, respectively. (Pls.' Br. in Opp'n to Macatawa's Mot. 4 n.5.) With respect to the state securities law claims Plaintiffs have filed a motion for partial summary judgment that viatical settlements are securities under the applicable state securities laws. Also, the state securities law claims in each of the complaints are pleaded under the law of a particular state, while the other claims are not. (File No. 1:03-CV-321, Dkt. No. 916; *Jenkins* Pls.' Second Am. Consol. Class Action Compl. ¶¶ 70-71 (alleging a violation of Michigan securities law); File No. 1:07-CV-738, Dkt. No. 114, *Bailey* Pls.' Fourth Am. Compl. ¶¶ 56-58 (alleging a violation of Texas securities law); File No. 1:07-CV-750, Dkt. No. 101, *Adamson* Pls.' Sixth Am. Compl. ¶¶ 56-58 (alleging a violation of Texas securities law); File No. 1:07-CV-751, Dkt. No. 1, *Elkins* Pls.' Compl. ¶ 37 (alleging a violation of Oklahoma securities law); File No. 1:07-CV-775, Dkt. No. 103, *Myers* Pls.' Third Am. Compl. ¶¶ 56-59 (alleging a violation of Texas securities law).) Lastly, Plaintiffs' briefs on what prejudice would accrue from the application Michigan law specifically identify the prejudice that would accrue from the application of Michigan law to all of the state securities law claims. (*Elkins* Pls.' Resp. on

Choice-of-Law 3-4; Pls.' Resp. on Choice-of-Law 7-8.) Although the choice-of-law issues related to the state securities law claims remain largely unresolved, Plaintiffs in filing the motion for partial summary judgment as to whether viatical settlements are securities under the applicable state securities laws and in taking the others steps the Court has listed, have sufficiently preserved their interest in the choice-of-law issue as it applies to the state securities law claims. Therefore, the Court concludes that Plaintiffs have abandoned the choice-of-law issue on all claims except the state securities law claims.

## C.

Because the Court has concluded that Plaintiffs and Macatawa have abandoned the choice-of-law issues with respect to all claims except the state securities law claims, the Court must determine what law will apply to the non-securities law claims. The non-securities law claims collectively are: breach of contract and fraudulent concealment, breach of fiduciary duty, civil conspiracy, fraud and fraudulent inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence.[5] The escrow agreements

---

[5]The *Adamson* Plaintiffs' non-securities law claims are: breach of contract and fraudulent concealment, breach of fiduciary duty, civil conspiracy, fraud and fraudulent inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence. (*Adamson* Pls.' Sixth Am. Compl. ¶¶ 45-55, 59-61.) The *Bailey* Plaintiffs' non-securities law claims are: breach of contract and fraudulent concealment, breach of fiduciary duty, civil conspiracy, fraud and fraudulent inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence. (*Bailey* Pls.' Fourth Am. Compl. ¶¶ 45-55, 59-61.) The *Elkins* Plaintiffs' non-securities law claims are: breach of contract and concealment, breach of fiduciary duty, civil conspiracy, fraud and fraudulent

(continued...)

and associate agreements used by Trade Partners Inc. ("TPI") contain choice-of-law clauses. The escrow agreements are, at a minimum, the basis of Plaintiffs' contract claims. The escrow agreements contain a choice-of-law provision that requires the application of Michigan law. Although there are some minor variations, the choice-of-law provisions in the escrow agreements generally are as follows: "This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Michigan." (*E.g.*, File No. 1:03-CV-321, Dkt. No. 537, Pls.' Mot. for Class Certification, Ex. 13-14, 16, 20-23, 32-33; *see also* Pls.' Resp. on Choice-of-Law 2 n.3 (stating the that choice-of-law provisions in the escrow agreements have language "identical or very similar" to the quoted language).) The associate agreements between TPI and its sales associates have primarily been presented to the Court in reference to Macatawa's third-party claims against individual sales associates. Many of the sales associates are now third-party defendants in this MDL action, so the associate agreements are also significant to this MDL action. (*See* Dkt. No. 211, 04/15/2008 Op. 5-9 (analyzing a third-party defendant's motion to dismiss for lack of

---

[5](...continued)

inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence. (*Elkins* Pls.' Compl. ¶¶ 26-36, 38-40.) The *Jenkins* Plaintiffs' non-securities law claims are: breach of contract and fraudulent inducement/concealment, breach of fiduciary duty, knowing participation in a breach of fiduciary duty, and negligence and gross negligence. (*Jenkins* Pls.' Second Am. Consol. Class Action Compl. ¶¶ 61-69.) The *Myers* Plaintiffs' non-securities law claims are: breach of contract and fraudulent concealment, breach of fiduciary duty, civil conspiracy, fraud and fraudulent inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence. (*Myers* Pls.' Third Am. Compl. ¶¶ 45-55, 59-61.)

personal jurisdiction in consideration of the forum-selection clause in the associate agreement).)  Some, if not all,[6] of the associate agreements between TPI and its sales associates provided that the sales associate agreement: "shall be governed by and construed according to the laws of the State of Michigan and venue shall be in the state and federal courts in Kent County, Michigan."  (File No. 1:03-CV-321, Dkt. No. 836, Macatawa's Br. in Opp'n to Mot. to Dismiss, Ex. D, Assoc. Agreement ¶ 15.)  Thus, two of the documents used by TPI that are significant to this litigation contain choice-of-law clauses that select Michigan law.

The parties have acknowledged that based on the choice-of-law clauses in the escrow agreements the contract claims are governed by Michigan law.  (*Elkins* Pls.' Resp. on Choice-of-Law 1;  Macatawa's Resp. on Choice-of-Law 1;  Dkt. No. 262, Att. 1, Pls.' Br. in Supp. of Mot. for Reconsideration 4.)  Hence, the Court must determine what law governs the breach of fiduciary duty, civil conspiracy, fraud and fraudulent inducement, knowing participation in a breach of fiduciary duty, and negligence and gross negligence claims.

The Court's May 14, 2008, order asked the parties to identify what prejudice would accrue from the application of Michigan law.  Macatawa stated that no prejudice would

---

[6]One of the parties that briefed the motion that presented the Court with the choice-of-law and forum-selection clauses in the associate agreements suggested that the choice-of-law and forum-selection clauses were present in all of the associate agreements. (Macatawa's Br. in Opp'n to Mot. to Dismiss 15 ("Macatawa believes that all of the Broker Defendants entered into such contracts, waiving any personal jurisdiction argument.").)

accrue from the application of Michigan law. (Macatawa's Resp. on Choice-of-Law 1.) Therefore, Macatawa has waived any further objection to the application of Michigan law to the non-securities law claims. *Bowers*, 489 F.3d at 323 n.4; *Vasapolli*, 39 F.3d at 36.

The *Elkins* Plaintiffs' brief on what prejudice would accrue from the application Michigan law identifies two areas of prejudice: the state securities law claims and liability apportionment. With respect to the state securities law claims, the Court has determined that the *Elkins* Plaintiffs have sufficiently preserved the choice-of-law issue with respect to those claims, so the choice-of-law for those claims is not presently before the Court. *See supra* Part II.B. With respect to liability apportionment, the *Elkins* Plaintiffs contend that unlike Michigan, Oklahoma does not apportion liability on contract claims. (*Elkins* Pls.' Resp. on Choice-of-Law 4-5.) However, as the Court earlier noted, the *Elkins* Plaintiffs also acknowledge that based on the Michigan choice-of-law clause in the escrow agreements, the contract claims are governed by Michigan law. (*Id.* at 1 ("[T]he Elkins plaintiffs submit that Oklahoma law should be held to apply to all non-contractual claims involved in the present case.").) Thus, the only prejudice accruing from the application of Michigan law identified by the *Elkins* Plaintiffs on a non-securities law claim is to a claim that the *Elkins* Plaintiffs concede is governed by Michigan law.

Plaintiffs' brief on what prejudice would accrue from the application of Michigan law identifies three areas of prejudice: the state securities law claims, liability apportionment, and the burden of proof on breach of fiduciary duty claims. With respect to the state

21

securities law claims, the Court has determined that Plaintiffs have sufficiently preserved the choice-of-law issue with respect to those claims, so the Court need not consider any prejudice that would accrue from applying Michigan law to the securities law claims. *See supra* Part II.B. With respect to liability apportionment, Plaintiffs contend that unlike Michigan, Arizona, California, Oklahoma, and Texas do not apportion liability on contract claims. (Pls.' Resp. on Choice-of-Law 8-10.) However, as the Court earlier noted, Plaintiffs also acknowledge that based on the Michigan choice-of-law clause in the escrow agreements, the contract claims are governed by Michigan law. (Pls.' Br. in Supp. of Mot. for Reconsideration 4 ("The parties have agreed that the narrow choice-of-law clauses in the Escrow Agreements provide that Michigan law applies to the contract claim. The parties have not agreed that these narrow clauses have any effect on the choice-of-law decisions for the tort and state securities law claims." (footnote omitted)).) As Plaintiffs concede that the contract claims are governed by Michigan law, any prejudice accruing from the application of Michigan law to the contract claims is a necessary consequence of the Michigan choice-of-law clause in the escrow agreements. Thus, the only source of prejudice that weighs against the application of Michigan law to the non-securities law claims is based on the Plaintiffs' contention about Michigan law being prejudicial with regard to the burden of proof on breach of fiduciary duty claims. In response to Macatawa's motion for summary judgment on the breach of fiduciary duty claims, Plaintiffs only briefly acknowledged this alleged conflict in a three sentence footnote. (Pls.' Br. in Opp'n to Macatawa's Mot. 4 n.5.)

Plaintiffs contend that under Oklahoma and Texas law a fiduciary has the burden of proving that it complied with its duties. (*Id.*) Contrary to Plaintiffs' contention, under Oklahoma and Texas law, the burden of proof is not always on the fiduciary. Rather, the burden of proof only shifts to the fiduciary if there are allegations of self-dealing. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 295 (5th Cir. 2007) (applying Texas law and holding that "where there is no transaction between the fiduciary and principal, there is no presumption of unfairness, and the burden of proof does not shift to the fiduciary." (citing *Amwest Sav. Ass'n v. Statewide Capital*, Inc., 144 F.3d 885, 891 (5th Cir. 1998))); *Foreman v. Henry*, 210 P. 1026, 1029-30 (Okla. 1922) (stating that the burden is on the plaintiff unless there are allegations of self-dealing); *see also Funnell v. Jones*, 737 P.2d 105, 108 (Okla. 1985) (noting that only in "some limited instances" does a fiduciary have the burden of proving the absence of fraud). Plaintiffs' breach of fiduciary duty claims do not allege self-dealing, so the burden-shifting provisions of Oklahoma and Texas law are inapplicable. As there is no conflict between Michigan law and Oklahoma and Texas law on which party bears the burden of proof on a breach of fiduciary claim, no prejudice will accrue from the application of Michigan law to Plaintiffs' breach of fiduciary duty claims.

No party has identified any prejudice that will accrue from the application of Michigan law to the non-securities claims, except for the breach of contract claim. However, the parties concede that the choice-of-law clauses in the escrow agreements result in the contract claims being governed by Michigan law. Therefore, the non-securities law claims are governed by Michigan law.

### III.

The complexity of this case necessitates that the choice-of-law issues be resolved before the case can proceed. On Plaintiffs' motion for reconsideration of the Court's April 29, 2008, order, the Court has concluded that the parties have abandoned the choice-of-law issues with respect to all claims except the state securities law claims. With respect to the non-securities law claims, the parties have failed to identify any prejudice that will accrue from the application of Michigan law to the non-securities law claims. Therefore the non-securities law claims are governed by Michigan law. An order will be entered consistent with this opinion.

Date:   July 11, 2008                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE