UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re TRADE PARTNERS, INC.
INVESTORS LITIGATION.

File No. 1:07-MD-1846
ALL CASES

______________________________/

**OPINION REGARDING WHETHER**
**VIATICAL SETTLEMENTS CONSTITUTE SECURITIES**

This matter is before the Court on Plaintiffs' motion for partial summary judgment that viatical settlement contracts constitute securities under state and federal securities laws. (Dkt. No. 143,[1] Pls.' Mot. re Viaticals.) Plaintiffs' complaints do not assert any claims under federal securities law and the state securities law claims are only asserted under the laws of Michigan, Oklahoma, and Texas. The Court previously held that viatical settlements are securities under Michigan law. For the reasons that follow, viatical settlements are securities under Oklahoma law, but the Court declines to resolve whether viatical settlements are securities under Texas law based on the current briefing.

## I. Background

### A. Factual Background

This MDL action arises from the sale of viatical settlements by Trade Partners Inc. ("TPI") between 1996 and 2003. TPI sold viatical settlements through several different

[1]Unless otherwise indicated, all docket numbers in this opinion refer to the docket for File No. 1:07-MD-1846.

structures. (*See* File No. 1:03-CV-321, Dkt. No. 679, 11/09/2006 Am. Op. 2-3 (discussing some of TPI's sales structures).) A viatical settlement is "[a] transaction in which a terminally or chronically ill person sells the benefits of a life-insurance policy to a third party in return for a lump-sum cash payment equal to a percentage of the policy's face value." *Black's Law Dictionary* 1405 (8th ed. 2004). *Accord Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, 408 F.3d 737, 738 (11th Cir. 2005). Viatical settlements are sometimes referred to as life settlements. *Black's Law Dictionary* 946, 1405. Grand Bank provided certain banking services related to TPI's viatical settlements. Macatawa Bank is the successor by merger to Grand Bank. Defendant Macatawa Bank is a member bank of Defendant Macatawa Bank Corporation (collectively "Macatawa").

**B. Procedural Background**

On June 26, 2007, the Judicial Panel on Multidistrict Litigation transferred four cases involving individuals who had invested with TPI then pending outside of the Western District of Michigan to be consolidated with *Jenkins v. Macatawa*, which was already pending in the Western District of Michigan. (*See* 11/06/2007 Op. 2-3 (detailing the procedural history of the transferred cases).) On January 22, 2008, the Court issued its initial case management order for this MDL action, which provided for the parties to file global dispositive motions by March 3, 2008. (Dkt. No. 97, Initial Case Mgmt. Order ¶ 7.b.) Plaintiffs' motion regarding whether viatical settlements are securities is one of the global dispositive motions. In response to Plaintiffs' motion, Macatawa stated that:

Plaintiffs have asked this Court to declare that viaticals are securities as

> defined by state and federal securities laws. Macatawa Bank and Macatawa Bank Corporation ("Macatawa") take no position on this issue, but wish to highlight several issues that cannot be resolved by this motion.

(Dkt. No. 216, Macatawa's Resp. in Opp'n 1.)

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim, then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see generally*, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

When the moving party has the burden of proof, however, a somewhat different standard applies. "'[W]here the moving party has the burden – the plaintiff on a claim for relief or defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., *Moore's Federal Practice* § 56.13[1], at 56-138 (3d ed. 2000)). Thus, "[s]ummary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## III. Analysis

In matters consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407, on questions of state law, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citing *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981)).

*Accord Toll Bros., Inc. v. Dryvit Sys., Inc.*, 432 F.3d 564, 568 n.4 (4th Cir. 2005). The *Adamson* Plaintiffs, whose case was transferred from the Western District of Oklahoma, allege a violation of the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. art. 581-33 (Vernon 2008). (File No. 1:07-CV-750, Dkt. No. 101, *Adamson* Pls.' Sixth Am. Compl. ¶¶ 56-58.) The *Bailey* Plaintiffs, whose case was transferred from the Northern District of Texas, allege a violation of the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. art. 581-33. (File No. 1:07-CV-738, Dkt. No. 114, *Bailey* Pls.' Fourth Am. Compl. ¶¶ 56-58.) The *Elkins* Plaintiffs, whose case was transferred from the Western District of Oklahoma, allege a violation of the Oklahoma Securities Act, Okla. Stat. Ann. tit. 71, § 101 (West 2002) (repealed effective July 1, 2004).[2] (File No. 1:07-CV-751, Dkt. No. 1, *Elkins* Pls.' Compl. ¶ 37.) The *Jenkins* Plaintiffs, who originally filed in the Western District of Michigan, allege a violation of the Michigan Uniform Securities Act, M.C.L.A. § 451.810(a-b) (West

---

[2]In 2003 the Oklahoma Legislature enacted the Uniform Securities Act of 2004, 2003 Okla. Sess. Law Serv. 347 (West), which modified the Oklahoma Securities Act. Under the Uniform Securities Act of 2004, what was codified under Okla. Stat. Ann. tit. 71, § 101 (West 2002) is now codified, subject to some modifications, under Okla. Stat. Ann. tit. 71, § 1-501 (West 2008). The Oklahoma Uniform Securities Act of 2004 was effective on July 1, 2004. Oklahoma Uniform Securities Act of 2004, § 54. Section 52(A) of the Oklahoma Uniform Securities Act of 2004, codified at Okla. Stat. Ann. tit. 71, § 1-701(A) (West 2008), provides that actions instituted on the basis of conduct occurring before the effective date are governed by the predecessor act. The Court appointed a receiver for TPI on April 15, 2003. (File No. 1:03-CV-236, Dkt. No. 6, 04/15/2003 Stip. Order ¶¶ 1-2.) As most of the relevant conduct occurred before July 1, 2004, the majority, if not the entirety, of the *Elkins* Plaintiffs' state securities law claims are governed by the Oklahoma Securities Act as it existed prior to the enactment of the Oklahoma Uniform Securities Act of 2004. Therefore, the Court will cite to the Oklahoma Securities Act as it existed prior to the enactment of the Oklahoma Uniform Securities Act of 2004, *i.e.*, Okla. Stat. Ann. tit. 71, § 101 (West 2002).

2008).[3] (File No. 1:03-CV-321, Dkt. No. 916, *Jenkins* Pls.' Second Am. Consol. Class Action Compl. ¶¶ 70-71.) The *Myers* Plaintiffs, whose case was transferred from the Central District of California, allege a violation of the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. art. 581-33. (File No. 1:07-CV-775, Dkt. No. 103, *Myers* Pls.' Third Am. Compl. ¶¶ 56-58.) Hence, while the five cases comprising this MDL action originated in California, Michigan, Oklahoma, and Texas, Plaintiffs only allege states securities law claims under the laws of Michigan, Oklahoma, and Texas.

As Plaintiffs' complaints only present questions as to the securities laws of Michigan, Oklahoma, and Texas, the Court must address Plaintiffs' request for a ruling as to "federal and state uniform securities laws." (Pls.' Mot. re Viaticals 1) "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). An opinion by the Court on the securities laws of states other than Michigan, Oklahoma, and Texas would only be advisory. Therefore, Plaintiffs' motion will be denied as to federal securities law and the law of any states other than Michigan, Oklahoma, and Texas.

---

[3]"In 2000 the Michigan Legislature revised the MUSA. 2000 Mich. Pub. Acts 494. The revisions were effective January 11, 2001." (11/09/2006 Am. Op. 26 n.5.) The revisions changed M.C.L. §§ 451.701, .801, and .810; however, the revisions did not alter the elements for the MUSA claims asserted by the *Jenkins* Plaintiffs. *Compare* M.C.L.A. § 451.701 (West 2000) *with* M.C.L.A. § 451.701 (West 2008); *compare* M.C.L.A. § 451.801 (West 2000) *with* M.C.L.A. § 451.801 (West 2008); *compare* M.C.L.A. § 451.810 (West 2000) *with* M.C.L.A. § 451.810 (West 2008).

"In diversity cases, the doctrine announced in *Erie Railroad v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), dictates that federal courts must apply the law of the state's highest court." *Bailey v. v. & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985). "If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from 'all relevant data.' " *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (quoting *Bailey*, 770 F.2d at 604). *Accord Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 517 (6th Cir. 2001). "All relevant data" includes intermediate appellate court decisions, the dicta of the state's highest court, restatements of law, law review commentaries, and the majority rule among other states. *Garden City Osteopathic Hosp.*, 55 F.3d at 1130. "'[A] federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Ziegler*, 249 F.3d at 517 (quoting *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989)). "This rule applies regardless of whether the appellate court decision is published or unpublished." *Id.* (citing *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000), and *Puckett*, 889 F.2d at 1485). Thus, the Court must determine whether the highest courts of Michigan, Oklahoma, and Texas, would, respectively, determine that viatical settlements are securities.

**A. Michigan Uniform Securities Act**

Plaintiffs move for summary judgment that viatical settlements are securities under Michigan law. On April 15, 2008, the Court held that viatical settlements are securities

under the Michigan Uniform Securities Act. (Dkt. No. 11, 04/15/2008 Op. 13-16.) The Court's decision was premised on the Michigan Court of Appeals holding in *Michelson v. Voison*, 254 Mich. App. 691, 697, 658 N.W.2d 188 (2003), that the "MUSA's use of the term 'security' includes viatical settlements." (04/15/2008 Op. 13.) No party has suggested that the Michigan Supreme Court would not adopt the holding of *Michelson*, and the Court has found none. Therefore, Plaintiffs' motion will be granted as to viatical settlements being securities under Michigan law.

**B. Oklahoma Securities Act**

Plaintiffs move for summary judgment that viatical settlements are securities under Oklahoma law. No Oklahoma appellate court has determined whether viatical settlements are securities under the Oklahoma Securities Act. The Oklahoma Securities Act, prior to the enactment of the Oklahoma Uniform Securities Act of 2004, provided that:

> (v) "Security" means any:
>
> . . .
>
> (11) investment contract[.]

Okla. Stat. Ann. tit. 71, § 2(v) (West 2002). The Uniform Securities Act of 2004, modified the definition of "security" to provide that:

> 32. "Security" means a[n] . . . investment contract . . . . The term:
>
> . . .
>
> e. includes as an "investment contract," among other contracts, an interest in a limited partnership and a third party managed limited

> liability company and an investment in a viatical or life settlement or similar contract or agreement[.]

Okla. St. Ann. tit. 71, § 1-102 (32)(e) (West 2008). Thus, for any conduct occurring after July 1, 2004, viatical settlements are securities under Oklahoma law. The text of the Oklahoma Uniform Securities Act of 2004 does not indicate whether the change in the definition of "security" was intended to clarify what was already within the existing definition or to add to the existing definition. *Cf. Allen v. Jones*, 604 S.E.2d 644, 645-47 (Ga. Ct. App. 2004) (holding that a similar amendment to the Georgia Securities Act clarified existing law); *Security Trust Corp. v. Estate of Fisher*, 797 N.E.2d 789, 792-95 (Ind. Ct. App. 2003) (holding that a similar amendment to the Indiana Securities Act clarified existing law).

The Oklahoma courts have applied *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293 (1946), to determine whether a particular investment is an investment contract and therefore a security. *Probst v. Oklahoma*, 807 P.2d 279, 284 (Okl. Crim. App. 1991); *Howell v. Ballard*, 801 P.2d 127, 128 (Okl. Civ. App. 1990). The Oklahoma courts have applied the United State Supreme Court's decision in *Howey* to require: "(1) an investment; (2) in a common enterprise; (3) with the expectation of a profit through the efforts of others." *Probst*, 807 P.2d at 284 (citing *Howey*, 328 U.S. at 298). *See also Howell*, 801 P.2d at 128 ("The test to establish the existence of an investment contract requires 1) an investment of money or money's worth; 2) in a common enterprise; 3) with the expectation of a profit; 4) to be made through the management and control of others."

(citing *Howey*, 328 U.S. at 299)). The United States Supreme Court has explained that the *Howey* test "'embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits.'" *Sec. Exch. Comm'n v. Edwards*, 540 U.S. 389, 393 (2004) (quoting *Howey*, 328 U.S. at 299).

The Oklahoma courts "ordinarily defer to the interpretation of a statute by the agency charged with its administration, particularly 'when the administrative construction is definitely settled and uniformly applied for a number of years.'" *In re Protest of Betts Telecom Okla., Inc.*, 178 P.3d 197, 199 (Okla. Civ. App. 2008) (quoting *Oral Roberts Univ. v. Tax Comm'n*, 714 P.2d 1013, 1014-15 (Okla. 1985)). *See also Estes v. ConocoPhillips Co.*, 184 P.3d 518, 524 (Okla. 2008) ("This Court will show great deference to an agency's interpretation of its own rules." (footnote omitted)). The Oklahoma Department of Securities brought several enforcement actions against TPI and its sales associates. *E.g.,* Petition for Permanent Inj. and Other Equitable Relief filed by the Oklahoma Department of Securities ¶¶ 35-42, *Okla. Dep't of Sec. ex rel. Fraught v. Trade Partners, Inc.*, Case No. CJ-2004-6295, 2004 WL 1813246 ((Dist. Ct. for Okla. County Aug. 2, 2004) (contending that TPI's viatical settlements are securities under Okla. Stat. Ann. tit. 71, § 2).[4] In each of those enforcement actions the Oklahoma Department of Securities made a determination that

[4]Although the Oklahoma Department of Securities's petition post-dates the effective date of the Uniform Securities Act of 2004, the petition cites to the predecessor version of the statute.

TPI's viatical settlements are securities under the Oklahoma Securities Act. *Id.*; *see also Okla. Dep't of Sec. ex rel. Fraught v. Trade Partners, Inc.*, Case No. CJ-2004-6295, 2005 WL 1943159, at *1, *Final Order, Judgment, and Permanent Injunction for TPI* (Dist. Ct. for Okla. County May 18, 2005) ("The TPI Viatical Investment Contracts, LLC Interests, TPI Notes, Sojkara Notes, and IWM Notes and Stock are securities as defined by Section 2 of the Act.").[5] Thus, the Oklahoma Department of Securities has taken the position that TPI's viatical settlements are securities under the Oklahoma Securities Act.

Outside of Oklahoma, the majority view is that viatical settlements are securities as a type of investment contract. First, the majority of state courts have interpreted their uniform security laws to include viatical settlements as an investment contract that constitutes a security. *Siporin v. Carrington*, 23 P.3d 92, 97 (Ariz. Ct. App. 2001) (applying the *Howey* test and concluding that viatical settlements are securities under the Arizona Securities Act); *Joseph v. Viatica Mgmt., LLC*, 55 P.3d 264, 266-68 (Colo. Ct. App. 2002) (applying the *Howey* test and concluding that viatical settlements are securities under the Colorado Securities Act); *Allen*, 604 S.E.2d at 645-47 (applying a state law version of the *Howey* test and concluding that viatical settlements are securities under the Georgia Securities Act); *Poyser v. Flora*, 780 N.E.2d 1191, 1195-97 (Ind. Ct. App. 2003) (applying the *Howey* test and concluding that viatical settlements are securities under the Indiana

[5]The District Court for Oklahoma County entered this order under the Oklahoma Securities Act as it existed prior to the passage of the Oklahoma Uniform Securities Act of 2004.

Securities Act); *Hill v. Dedicated Res., Inc.*, No. 99-C-1714, 2000 WL 34001915, at *2-3 (Kan. Dist. Ct. July 12, 2000) (applying the *Howey* test and concluding that viatical settlements are securities under the Kansas Securities Act); *Michelson*, 254 Mich. App. 697 (concluding that viatical settlements are securities under the Michigan Uniform Securities Act); *Rumbaugh v. Ohio Dep't of Commerce*, 800 N.E.2d 780, 784 (Ohio Ct. App. 2003) (applying a state law test that is broader than the *Howey* test and concluding that viatical settlements are securities under the Ohio Securities Act). *See also Kligfeld v. Fla. Office of Fin. Regulation*, 876 So.2d 36, 38 (Fla. Dist. Ct. App. 2004) (holding regulation of viatical settlements as securities was not preempted by state insurance law and that viatical settlements are securities under the *Howey* test, which had been conceded by the appellants at oral argument). Second, the majority of federal courts have held that viatical settlements are securities; however, in *Securities & Exchange Commission v. Life Partners, Inc.*, 87 F.3d 536, 542-48 (D.C. Cir. 1996), the D.C. Circuit held that viatical settlements are not securities under the federal securities laws. The court in *Life Partners* concluded that viatical settlements are not securities under the *Howey* test because the profits are based on the length of the viator's life, not the post-purchase efforts of the company that promoted the viatical settlement. *Id.* The court concluded that the pre-purchase efforts of the promoter are not alone sufficient to satisfy the requirement that the profits arise from the efforts of others. *Id.* at 548. More recently, in *Mutual Benefits Corp.* the Eleventh Circuit rejected the D.C. Circuit's approach in *Life Partners*. The *Mutual Benefits Corp.* court concluded that *Howey* and later Supreme Court cases did not support the pre-purchase/post-purchase

distinction made by the D.C. Circuit in *Life Partners*. *Mut. Benefits Corp.*, 408 F.3d at 743-44. The *Mutual Benefits Corp.* court explained that:

> While it may be true that the "solely on the efforts of the promoter or a third party" prong of the *Howey* test is more easily satisfied by post-purchase activities, there is no basis for excluding pre-purchase managerial activities from the analysis. *See Life Partners*, 87 F.3d at 551 (Wald, J., dissenting). Significant pre-purchase managerial activities undertaken to insure the success of the investment may also satisfy *Howey*. *See id.* Indeed, investment schemes may often involve a combination of both pre- and post-purchase managerial activities, both of which should be taken into consideration in determining whether *Howey*'s test is satisfied. Courts have found investment contracts where significant efforts included the pre-purchase exercise of expertise by promoters in selecting or negotiating the price of an asset in which investors would acquire an interest. *See Sec. & Exch. Comm'n v. Eurobond Exch., Ltd.*, 13 F.3d 1334 (9th Cir. 1994) (involving interests in foreign treasury bonds); *Gary Plastic Packaging Corp. v. Merrill Lynch, Inc.*, 756 F.2d 230 (2d Cir. 1985) (involving interests in certificate of deposit program); *Glen-Arden Commodities, Inc. v. Costantino*, 493 F.2d 1027 (2d Cir. 1974) (involving investments in warehouse receipts for whiskey).

*Mut. Benefits Corp.*, 408 F.3d at 743-44. The federal district courts outside of the D.C. Circuit that have confronted the question of whether viatical settlements are securities under federal securities law have also declined to follow the D.C. Circuit's holding in *Life Partners*. *Wuliger v. Eberle*, 414 F. Supp. 2d 814, 819-21 (N.D. Ohio 2006); *Wuliger v. Mann*, No. 3:03-CV-1531, 2005 WL 1566751, at *3-4 (N.D. Ohio July 1, 2005); *Wuliger v. Anstaett*, 363 F. Supp. 2d 917, 921-22 (N.D. Ohio 2005); *Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, 323 F. Supp. 2d 1337, 1343-44 (S.D. Fla. 2004), *aff'd* 408 F.3d 737 (11th Cir. 2005); *Wuliger v. Christie*, 310 F. Supp. 2d 897, 903-07 (N.D. Ohio 2004); *Sec. & Exch. Comm'n v. Tyler*, No. 3:03-CV-0282-P, 2002 WL 32538418, at *4-6 (N.D. Tex. Feb. 21, 2002). Third, only two state court decisions have held that viatical settlements are

not securities. The only state court to have followed *Life Partners* as to viatical settlements not being securities is *Griffitts v. Life Partners, Inc.*, No. 10-1-00271-CV, 2004 WL 1178418, at *2 (Tex. Ct. App. May 26, 2004) (unpublished). In *Glick v. Sokol*, 777 N.E.2d 315, 319 (Ohio Ct. App. 2002), the Ohio Court of Appeals concluded, without reference to *Life Partners*, that prior to an amendment in 2001, viatical settlements were not securities under the Ohio Securities Act. However, the *Glick* decision has not been followed in any subsequent decisions of the Ohio Court of Appeals or by federal district courts in Ohio addressing claims under the Ohio Securities Act. *Anstaett*, 363 F. Supp. 2d at 922; *Christie*, 310 F. Supp. 2d at 905-07; *Rumbaugh*, 800 N.E.2d at 784-88; Thus, the majority view is that viatical settlements are securities as a type of investment contract.

Although the Oklahoma Supreme Court has not determined whether viatical settlements are securities under the Oklahoma Securities Act as it existed prior to July 1, 2004, the Court concludes that based on all the relevant data, the Oklahoma Supreme Court would hold that viatical settlements are securities under the Oklahoma Securities Act. The Oklahoma courts give deference to determinations by agencies and the Oklahoma Department of Securities has taken the position that TPI's viatical settlements are securities under the Oklahoma Securities Act. The Oklahoma Department of Securities's position has been adopted by Oklahoma trial courts and is consistent with the majority view of courts outside of Oklahoma. Therefore, Plaintiffs' motion for partial summary judgment will be granted as to viatical settlements being securities under Oklahoma law.

## C. Texas Securities Act

Plaintiffs move for summary judgment that viatical settlements are securities under Texas law. However, the only Texas court to have reached the question adopted the D.C. Circuit's reasoning in *Life Partners* and concluded that viatical settlements are not securities under the Texas Securities Act. *Griffitts*, 2004 WL 1178418, at *2. Plaintiffs cite to the *Griffits* decision in a two-sentence footnote, but do not offer any analysis of why the Texas Supreme Court would not follow *Griffits*. (Dkt. No. 144, Pls.' Br. in Supp. re Viaticals 7 n.10.) Macatawa, consistent with its decision not to take a position on the question of whether viatical settlements are securities, did not brief this issue. However, in response to a third-party motion to dismiss Macatawa did direct the Court to *Texas v. Bailey*, 201 S.W.3d 739, 741 (Tex. Crim. App. 2006), for the proposition that viatical settlements are securities under Texas laws. Although the court in *Texas v. Bailey* referenced "viatical contracts," that reference was only a reference in the recitation of facts to the Texas Securities Board having informed the defendant that "viatical contracts" are securities. The substance of the *Texas v. Bailey* opinion does not address the question of whether viatical settlements are securities under the Texas Securities Act. Nevertheless, the facts in *Texas v. Bailey* suggest that the position of the Texas Securities Board conflicts with the Texas Court of Appeals decision in *Griffits.* In consideration of the only case cited by Plaintiffs with respect to Texas law being contrary to Plaintiffs' position, the only case cited by Macatawa with respect to Texas law being in support of Plaintiffs' position, and the complete absence of any analysis from any party as to whether the Texas Supreme Court

would follow *Griffits*, the Court declines to resolve the question of whether viatical settlements are securities under Texas law based on Plaintiffs' present motion. Therefore, Plaintiffs' motion for partial summary judgment will be denied as to viatical settlements being securities under Texas law.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for partial summary judgment that viatical settlement contracts constitute securities under state and federal securities laws is granted in part and denied in part. Plaintiffs' motion is granted as to viatical settlements being securities under Michigan and Oklahoma law. Plaintiffs' motion is denied as to viatical settlements being securities under Texas law because the issue has not been adequately briefed. Additionally, Plaintiffs' motion is denied as to viatical settlements being securities under federal law and other states' laws because Plaintiffs' complaints do not actually place those questions before the Court. An order will be entered consistent with this opinion.

Dated: August 22, 2008

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE