UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re TRADE PARTNERS, INC.
INVESTOR LITIGATION,

MDL Docket No. 1846

HON. ROBERT HOLMES BELL

_____/

## OPINION RE: MOTION FOR MORE DEFINITE STATEMENT

This matter comes before the Court on Third-Party Defendant Raul Correa's *pro se* motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (File No. 1:07-MD-1846, Dkt. No. 76.)

Rule 12(e) permits a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court reads Rule 12(e) in conjunction with Rule 8(a)'s simplified notice pleading standard: "'If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.'" *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. Because a motion for more definite statement "'is designed to strike at unintelligibility rather than simple want of detail,'" it should not be used as a substitute for discovery. *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio

2007) (quoting *Schwable v. Coates*, No. 3:05-CV-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005)).

Mr. Correa contends that the third-party complaint filed by Defendants Macatawa Bank Corporation and Macatawa Bank (collectively "Macatawa") fails to identify the specific acts or practices that allegedly violate the Michigan Uniform Securities Act, M.C.L. §§ 451.801-.818, fails to detail what representations he made that were allegedly false, and fails to define several ambiguous viatical industry terms.

To the extent Mr. Correa complains that viatical terms are ambiguous, he has not identified the allegedly ambiguous terms and has accordingly failed to comply with his obligation to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). To the extent Mr. Correa is complaining that Macatawa has failed to plead fraud with particularity, the Court notes that Rule 9(b)'s particularity requirement may be relaxed where the information is only within the opposing party's knowledge. *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988); *see also Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998) ("[T]he particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties."). In this case Macatawa has alleged that it lacks knowledge of the full scope of the misrepresentations made by the broker third-party defendants. (Dkt. No. 38,

Third-Party Compl. ¶ 70.)  To the extent Mr. Correa seeks additional factual detail, his remedy is to utilize discovery rather than a motion for more definite detail.

Most of the other third-party defendants have been able to answer the third-party complaint.  The Court is satisfied that Macatawa has properly pled its claims against Mr. Correa and that its third-party complaint is not so vague or ambiguous that Mr. Correa cannot reasonably prepare a response.  Accordingly, Mr. Correa's motion for more definite statement will be denied.

An order consistent with this opinion will be entered.

Dated: September 19, 2008 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE