UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re TRADE PARTNERS, INC.,  MDL Docket No. 1846
INVESTOR LITIGATION,  HON. ROBERT HOLMES BELL
_____/

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendants Macatawa Bank and Macatawa Bank Corporation's (collectively "Macatawa") motion to dismiss Plaintiff Song Hui Goolsbay's claims for failure to attend her deposition. (Dkt. No. 333.)

On June 6, 2008, Macatawa moved to dismiss Ms. Goolsbay's claims after she failed to appear for her deposition in Texas. (Dkt. No. 292, Am. Mot. to Dismiss.) Magistrate Judge Joseph G. Scoville denied Macatawa's request for dismissal based upon his finding that Plaintiff Goolsbay was not communicating with her counsel and did not have actual knowledge that her deposition had been scheduled. (Dkt. No. 300, 6/25/08 Disc. Order.) Judge Scoville determined that Plaintiff's attorneys should be given one further opportunity to procure her cooperation before dismissal was considered as a sanction. (*Id.*) Judge Scoville ordered Ms. Goolsbay to "appear for her oral deposition in Grand Rapids, Michigan, at a date to be established by counsel, but no later than August 25, 2008." (*Id.*) The order specifically warned Ms. Goolsbay in boldface type that "any failure to comply with the requirements of this order, or any failure to abide by the requirements of the Federal Rules of Civil Procedure regarding discovery, may result in the imposition of preclusive sanctions, including dismissal

of [her] claims." (*Id.*). Ms. Goolsbay did not appear for her deposition by August 25, 2008. Ms. Goolsbay has not filed a response to Macatawa's motion to dismiss.

Dismissal of the action is one of the available sanctions that may be imposed if a party fails to comply with an order to permit or provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court considers four factors in deciding whether dismissal is appropriate:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

Consideration of these factors persuades the Court that dismissal of Ms. Goolsbay's claims is appropriate. Ms. Goolsbay's failure to attend either one of her depositions appears to be willful. She received ample notice of the depositions and she has made no excuses for her failure to appear. Macatawa has been prejudiced not only by the wasted expenditure of time and money, but also by its inability to select and depose sixty plaintiffs as authorized by the Court in the initial case management order. (Dkt. No. 97, Order No. 3, ¶ 5.) Ms. Goolsbay had ample notice that her failure to attend her deposition could result in the dismissal of her claims. Finally, the Court finds that less drastic sanctions would not be efficacious in light of the fact that Ms. Goolsbay did not comply with the Court's previous order designed to procure her appearance for her deposition. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Macatawa Bank and Macatawa Bank Corporation's motion to dismiss the claims of Plaintiff Song Hui Goolsbay (Dkt. No. 333) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Song Hui Goolsbay's claims against Defendants Macatawa Bank and Macatawa Bank Corporation are **DISMISSED**.


Dated: December 5, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE