UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re TRADE PARTNERS, INC.,            MDL Docket No. 1846
INVESTOR LITIGATION,               HON. ROBERT HOLMES BELL
_____/

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendants Macatawa Bank and Macatawa Bank Corporation's (collectively "Macatawa") motion to dismiss Plaintiff Doris Williams's claims for failure to attend her deposition. (Dkt. No. 317.)

It appears that Ms. Williams' deposition was scheduled twice at dates and times selected by her counsel and that she failed to appear on either occasion. Ms. Williams has not filed a response to Macatawa's motion to dismiss.

Dismissal of the action is one of the available sanctions that may be imposed if a party fails to comply with an order to permit or provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court considers four factors in deciding whether dismissal is appropriate:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

Consideration of these factors persuades the Court that dismissal of Ms. Williams's claims is appropriate. Ms. Williams's failure to attend either one of her depositions appears to be willful in light of the fact that the depositions were scheduled at dates and times selected by her counsel and Ms. Williams has made no excuses for her failure to appear. Macatawa has been prejudiced not only by the wasted expenditure of time and money, but also by its inability to select and depose sixty plaintiffs as authorized by the Court in the initial case management order. (Dkt. No. 97, Order No. 3, ¶ 5.) Ms. Williams had adequate notice that her failure to attend her deposition could result in the dismissal of her claims. Finally, Court finds that less drastic sanctions would not be efficacious in light of the fact that Plaintiff has not requested alternative sanctions, and because the last time the Court ordered Plaintiff's counsel to cover the expenses of deposing another plaintiff who failed to show for her deposition, Plaintiff's counsel stipulated to that Plaintiff's dismissal. (Dkt. Nos. 300, 305.) Accordingly,

**IT IS HEREBY ORDERED** that Defendants Macatawa Bank and Macatawa Bank Corporation's motion to dismiss the claims of Doris Williams (Dkt. No. 317) is **GRANTED**.

**IT IS FURTHER ORDERED** that Doris Williams' claims against Defendants Macatawa Bank and Macatawa Bank Corporation are **DISMISSED**.

Dated: December 5, 2008         /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE