UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TRADE PARTNERS, INC.           1:07-MD-1846
INVESTOR LITIGATION,                HON. ROBERT HOLMES BELL

_____/

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO INTERVENE

This matter comes before the Court on Movant Jonathan Lee Riches's *pro se* motion to intervene as a plaintiff in this action. (Dkt. No. 313.) Defendant Macatawa Bank opposes the motion and requests that Movant be sanctioned for filing a frivolous motion. (Dkt. No. 321.)

The Court may permit anyone to intervene in an action who is "given a conditional right to intervene by a federal statute," or who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Movant does not assert a statutory right to intervene. Accordingly, in order to be permitted to intervene he must allege "at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

Movant asserts that he has an interest in the litigation because he is serving a federal sentence for identity theft and credit card fraud, and Macatawa Bank was one of his victims. Movant makes no mention of Trade Partners, of any investments in viaticals, of any duties

owed to him by Macatawa Bank, or any other factual or legal issues he shares with Plaintiffs in this case.

Movant has not identified any common question of law or fact he shares with the other Plaintiffs in this case. Accordingly, Movant's motion to intervene will be denied.

Defendant has included a motion for sanctions in its response to Movant's motion to intervene. The Court will not grant Defendant's request for Rule 11 sanctions in light of Defendant's failure to provide evidence that it complied with Rule 11's "safe harbor" filing requirements. Fed. R. Civ. P. 11(c)(2); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter.").

In reply to Defendant's request for sanctions, Movant has requested sanctions against Macatawa Bank's attorneys for allegedly harassing and defaming him. (Dkt. No. 344.) The Court will not grant Movant's request for Rule 11 sanctions in light of his failure to provide evidence that he complied with Rule 11's "safe harbor" filing requirements. Fed. R. Civ. P. 11(c)(2); *First Bank of Marietta*, 307 F.3d at 511. Accordingly,

**IT IS HEREBY ORDERED** that Movant Jonathan Lee Riches's motion to intervene (Dkt. No. 313) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Macatawa Bank's motion for sanctions (Dkt. No. 321) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for sanctions against Defendant Macatawa Bank's lawyers (Dkt. No. 344) is **DENIED**.


Dated: June 17, 2009                                /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE