UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TRADE PARTNERS, INC.            1:07-MD-1846
INVESTOR LITIGATION,               HON. ROBERT HOLMES BELL

_____/

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO INTERVENE AND FOR SANCTIONS**

This matter comes before the Court on Movants Conrad M. Black and Gino Romano's motion to intervene as plaintiffs in this action and for Rule 11 sanctions against Defendant's counsel. (Dkt. No. 331.)

The Court may permit anyone to intervene in an action who is "given a conditional right to intervene by a federal statute," or who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Movants do not assert a statutory right to intervene. Accordingly, in order to be permitted to intervene they must allege "at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

Movants assert that they have an interest in this litigation, but they do not explain what that interest is. They make no mention of Trade Partners, of any investments in viaticals, of any duties owed to them by Macatawa Bank, or any other factual or legal issues they share with Plaintiffs in this case. Movants assert that they have evidence of illegal conduct by

Defendant Macatawa's attorneys, but they do not assert how that evidence supports their intervention as plaintiffs in this action. Because Movants have not identified any common question of law or fact they share with the Plaintiffs in this case, their motion to intervene will be denied.

Movants have also requested sanctions against Defendant Macatawa Bank's counsel for their violation of federal laws. Movants' motion is frivolous and Movants have failed to provide evidence that they complied with Rule 11's "safe harbor" filing requirements. Fed. R. Civ. P. 11(c)(2); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter."). Accordingly,

**IT IS HEREBY ORDERED** that Movants Conrad M. Black and Gino Romano's motion to intervene as plaintiffs in this action and for Rule 11 sanctions against Defendant's counsel (Dkt. No. 331) is **DENIED**.

Dated: June 17, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE