UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TRADE PARTNERS, INC.  　　　　　　　File No. 1:07-MD-1846
INVESTOR LITIGATION,  　　　　　　　　　　HON. ROBERT HOLMES BELL
_____/

**O P I N I O N**

Counterplaintiffs and Third-Party Plaintiffs Macatawa Bank and Macatawa Bank Corporation (collectively "Macatawa") have filed a motion for partial summary judgment on their contribution claim against all Counterdefendants and Third-Party Defendants who remain in this case and who have not been defaulted for failing to answer (collectively, "the Brokers"). (Dkt. No. 498.) For the reasons that follow, the motion will be granted.

**I.**

Some of the Plaintiffs in the five actions joined for consolidated pretrial proceedings in this multi-district litigation ("the MDL cases") have alleged that Macatawa is liable to them because the viaticals sold by Trade Partners, Inc. ("Trade Partners") and the Brokers were "securities" that were required to be registered under applicable state laws. Macatawa has alleged that the Brokers either sold Trade Partners investments for commissions, or were Trade Partners marketing directors who made "override" commissions on such sales. Macatawa filed a contribution claim against the Brokers alleging that if it is liable to Plaintiffs for the sale of unregistered securities, then the Brokers, who materially aided in the sale of those unregistered securities, are liable to Macatawa for contribution. (*See*, *e.g.*, Dkt.

No. 35, *Bailey v. Macatawa Bank Corp.*, No. 1:07-CV-738 (W.D. Mich.), Third-Party Compl. ¶¶ 72-75.) Macatawa now seeks summary judgment as to liability only on its contribution claim based on the sale of unregistered securities.

**II.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). Where the moving party bears the ultimate burden of persuasion at trial, the moving party "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Cockrell v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)).

**III.**

In a previous opinion this Court determined that all non-securities law claims would be governed by Michigan law, but left unresolved the choice-of-law issues related to the state securities law claims. (Dkt. No. 301, 7/11/2008 Op. 2, 15-18, 24.) Accordingly, the security laws of states other than Michigan may apply to the security claims in one or more of the MDL cases. However, upon review of the security laws of Michigan, California, Texas, and Oklahoma, the Court finds that there is no material difference between these states' laws with respect to liability for the sale of unregistered securities or the availability of contribution against any other person liable for the same conduct. All of these states' statutes provide that one who sells unregistered securities or who materially aids in the sale of unregistered securities is liable to the purchaser of the security. Mich. Comp. Laws § 451.810(a), (b) (West 2009); Okla. Stat. Ann. tit. 71, § 1-509(B), (G) (West 2009); Calif. Corp. Code §§ 25501, 25504 (West 2009); Tex. Civil Stat. Code Ann., art. 581-33(A)(1), (F)(2) (Vernon 2009). All of these states' statutes also either explicitly provide for a right of contribution against any other person who is liable for the same conduct, or for joint and several liability. Mich. Comp. Laws § 451.810(b); Okla. Stat. Ann. tit. 71, § 1-509(H); Calif. Corp. Code § 25504; Tex. Rev. Civ. Stat. Ann. art. 581-33(F)(2). Liability for the sale of unregistered securities does not require proof of fraud. Based on the foregoing statutes, in order to prove its contribution claim against the Brokers in any of the MDL cases, Macatawa must show:

(1) the sale of an unregistered security

(2) that the Brokers sold or materially aided in the sale, and

(3) that Macatawa paid to settle a claim based on the sale of those unregistered securities.

This Court has already determined that the viaticals sold by Trade Partners and the Brokers were "securities" as a matter of law. (Dkt. No. 211, 04/15/2008 Op. 16.) It is undisputed that those securities were unregistered when they were sold. It is also undisputed that each of the Brokers sold or materially aided in the sale of the unregistered securities and earned commissions on their sale of those unregistered securities. Finally, it is undisputed that Macatawa has entered into a settlement of all of Plaintiffs' claims against Macatawa, including the securities claims. (Dkt. No. 505, J. of Partial Dismissal; Dkt. No. 506, Tr. of Settlement Conf.)

None of the Brokers has filed any opposition to Macatawa's motion for partial summary judgment except Counterdefendant Gaile Russ, who has filed a pro se response. (Dkt. No. 507, Opp'n to Mot.) Russ contends that Macatawa is not entitled to judgment against her because "no plaintiff investor for whom Russ received any compensation filed a claim for sale of unregistered securities against Macatawa." (*Id.* at 1.) In other words, she contends there is no allegation that Macatawa paid to settle a claim based upon her sale of unregistered securities.

Russ acknowledges that she and several investors who purchased through her were plaintiffs in *Adamson v. Macatawa Bank Corp.*, 1:07-CV-750, an MDL case that was

transferred to this Court from the Western District of Oklahoma. (Dkt. No. 507, Opp'n to Mot. 2.) Contrary to Russ's assertions, the *Adamson* plaintiffs did assert a claim against Macatawa for sale of unregistered securities. (*Adamson,* No. 1:07-CV-750, Dkt. No. 101, 6th Am. Compl. ¶ 56.) In her surreply, Russ asserts that the *Adamson* plaintiffs elected to make a claim for the sale of unregistered securities under Texas law, while all of Russ's sales were in Oklahoma. (Dkt. No. 520, Surreply 1.) Russ is again mistaken. The *Adamson* alleged sales of unregistered securities "in violation of the Texas Blue Sky laws" and, "to the extent the securities law of a state other than Texas are applicable, . . . to the maximum extent of their application." (*Adamson,* No. 1:07-CV-750, Dkt. No. 101, 6th Am. Compl. ¶¶ 56, 58.) Thus, contrary to Russ's allegations, the *Adamson* complaint stated a claim against Macatawa for Russ's sale of unregistered securities under the applicable state law, whether that applicable law was Texas or Oklahoma law.

Russ also contends that because Macatawa voluntarily decided to settle the claims against them, and because there has been no determination of liability, Macatawa has no right to obtain contribution from any other party. Russ as not cited any authority in support of this assertion and the Court is aware of none.

As a general rule, "[a] joint tortfeasor who enters into a settlement of the common liability with an injured person is entitled to recover contribution from another tortfeasor, whose liability to the injured person was extinguished by that settlement." 18 Am. Jur. 2d *Contribution* § 65 (West 2009). Russ has not directed the Court's attention to any statutory

or case law from either Texas or Oklahoma that would suggest that contribution would not be available following the settlement in this case.

Upon review, the Court is satisfied that Macatawa is entitled to partial judgment against the Brokers as to liability only on Macatawa's contribution claim. The judgment amount for each broker will be determined at a hearing to be scheduled on Macatawa's motion for entry of judgment. (Dkt. No. 557.)

An order and partial judgment consistent with this opinion will be entered.


Date:   December 21, 2009             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE