UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TRADE PARTNERS, INC.  
INVESTOR LITIGATION,

File No. 1:07-MD-1846

HON. ROBERT HOLMES BELL

_____/

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Third-Party Defendant Raul Correa's motion to set aside the default entered against him on October 1, 2009. (Dkt. No. 550, Mot. to Set Aside Default; Dkt. No. 539, Entry of Default.)

By order dated July 2, 2009, this Court required all parties to appear in person for a settlement conference on July 30, 2009. The Court also specifically advised the parties that "[f]ailure to appear for the settlement conference may result in . . . the entry of default judgment." (Dkt. No. 495, 7/2/2009 Order.)

Correa did not appear for the settlement conference, and on August 14, 2009, Macatawa filed a motion for entry of default judgment against him. (Dkt. No. 513, Mot. for Default J.) By order dated August 26, 2009, this Court ordered Correa to show cause in writing as to why a default should not be entered against him. (Dkt. No. 525, Order to Show Cause.) Correa did not respond to the show cause order. Accordingly, on October 1, 2009, a default was entered against him. (Dkt. No. 539.)

On October 11, 2009, Correa filed the instant motion to set aside the default. Correa contends that setting aside the default would serve the ends of truth and justice. Correa has

filed an affidavit stating that attendance at the settlement conference would have strained his financial resources, that he intends to vigorously defend the claims brought against him, or, in the alternative, that he intends to participate meaningfully in settlement efforts. (Dkt. No. 551, Correa Aff.)

A default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers three equitable factors:

> (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.

*Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Correa has not shown good cause for setting aside the default. First, his own culpable conduct of failing to attend the settlement conference and failing to respond to the show cause order led to the default. Correa has not explained his failure to contact the Court either at the time of the settlement conference or in response to the motion to show cause. Particularly in a case of this magnitude, one party cannot expect the case to proceed on his own timetable. In light of Correa's failure to participate when specifically ordered to do so, the Court has little confidence in his assertions that he will vigorously defend or meaningfully participate in settlement efforts in the future.

Second, Correa has not demonstrated that he has a meritorious defense. Although he asserts that he has a defense, he has come forward with no evidence to substantiate his

assertions. Correa's reference in his reply brief to a counterclaim he allegedly filed in a separate action in state court, (Dkt. No. 568, Reply Br., Attach.1), does not establish that he has a defense to Macatawa's third-party complaint in this case because the issues are materially different. Correa's allegations of misrepresentations are not a defense to Macatawa's contribution claim under state securities laws.

Finally, the Court finds that Macatawa would be prejudiced if the default is set aside. Because this multi-district case is complicated and involves so many parties, the Court went to great lengths to ensure that settlement efforts would be productive, including ordering the parties to attend and warning the parties of the consequences of non-attendance. Great progress has been made toward the settlement of this case with the parties who appeared at the settlement conference. Macatawa would be prejudiced by the concessions it made during settlement negotiations should the default against Correa be set aside. Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Raul Correa's motion to set aside default (Dkt. No. 550) is **DENIED**.

Dated: January 13, 2010          /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

3