UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TRADE PARTNERS, INC.  File No. 1:07-MD-1846
INVESTOR LITIGATION,  HON. ROBERT HOLMES BELL
                                                    /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Counterdefendant Gaile Russ's motion for reconsideration of the Court's December 21, 2009, order granting partial summary judgment as to liability only in favor of Counterplaintiffs and Third-Party Plaintiffs Macatawa Bank and Macatawa Bank Corporation (collectively "Macatawa") and against all remaining Counterdefendants and Third-Party Defendants. (Dkt. No. 564, Mot. for Reconsid.; Dkt. No. 563, 12/21/2009 Order & Partial J.)

One who moves for reconsideration must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a).

In her motion for reconsideration, Russ does not identify a "palpable defect" by which the Court was misled. Instead, she presents an argument that was not clearly presented in her original opposition to the motion. Russ's new argument is that even if the *Adamson* complaint is construed to allege a claim based on the sale of unregistered securities under Oklahoma law, the claims under Oklahoma law were time-barred under 71 Okla. St. Ann. § 1-509(J)(1).

"As this Court routinely has held, a party may not use a motion for reconsideration to raise new arguments that could have been brought before." *ITT Indus, Inc. v. BorgWarner, Inc.*, No. 1:05-CV-674, 2006 WL 2811310, at *3 (W.D. Mich. Sept. 28, 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998) (discussing the similar standard under Rule 59(e) and stating that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier).

Moreover, even if Russ's new argument is properly before this Court, it lacks merit. Even if Russ had a possible defense to her investors' unregistered securities claim under Oklahoma law, Russ has not shown that she did not face potential liability from her investors for selling unregistered securities, and she has not shown that Macatawa's settlement of the unregistered securities claims brought by Russ's investors was unreasonable or lacking in good faith. Accordingly,

**IT IS HEREBY ORDERED** that Counterdefendant Gaile Russ's motion for reconsideration (Dkt. No. 564) is **DENIED**.

Dated: January 14, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE